ELLEN REAL ET AL., PLAINTIFFS IN ERROR, V. JOHN A. HOLLISTER, DEFENDANT IN ERROR.

1. **Covenant.** WARRANTY: PLEADING AND PROOF. In an action on a warranty deed for a breach of the covenant for quiet enjoyment, the plaintiff must allege and prove that he has been turned out of the possession of the granted premises, or of some part thereof, or has yielded the possession thereof to the paramount title.

2. **A Motion for a New Trial** must be made in the terms substantially in which it may be allowed, within the rules of law, or it will be denied.

3. **Covenant.** The covenant for title, or of seizin, is an assurance to the purchaser that the grantor has the very estate, in quantity and quality, which he purports to convey. If he has not such title, his covenant is broken immediately upon its being made.

REHEARING of case reported in 17 Neb., 661.

*O. P. Mason,* for plaintiffs in error.

*Ryan Brothers,* for defendant in error.

COBB, J.

This cause came before the court and was argued at the January term, 1885. The judgment was affirmed at the succeeding July term, and the opinion of the court, by our brother REESE, published in 17 Neb., 661. At the January, 1886, term, a motion for a rehearing was made by the plaintiffs in error, and allowed by the court, and the cause thoroughly reargued.

It appears from a statement in the brief of counsel for the plaintiffs in error, that the attention of counsel was by the chief justice directed principally to the two following points:

1. The necessity of an eviction before bringing suit; and

2. That the husband, who so far as appears did not have an interest in the land, shall be held merely as security.

Before entering upon the discussion of either of these points I will say that, as I understand it there is yet another, and as I had thought the principal, question involved in the case, to-wit: whether, under the facts proved in the case, the covenants of seizin of both or either of the plaintiffs in error run with the land so as to be available as a cause or causes of action in favor of the defendant in error.

Upon the first point, the fifth point of the syllabus of the original opinion is as follows: " where in an action upon the covenants of warranty of title, contained in a deed of conveyance of real estate, it is shown that a decree in equity has been entered against the grantee and plaintiff setting aside his title, and declaring that he held as trustee for the plaintiff in that action and requiring conveyance to such plaintiff; and where, after such decree, the plaintiff in the action conveys the land to a third party, who in an action of ejectment recovers judgment against the present plaintiff for the possession of the property, *Held*, Sufficient proof of eviction."

As will be seen when we come to examine the third point, the only covenant contained in the deed of plaintiffs in error which can be deemed available to the defendant in error is that contained in the following words: " they do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever." This I think is equivalent to a covenant for quiet enjoyment as it is usually designated in the cases and law books. So that those cases which were brought for a breach of the covenant for quiet enjoyment will be regarded as specially applicable to the case at bar.

Upon the question as to what will constitute an actionable breach of the covenant for quiet enjoyment, Greenleaf says, " The covenant for *quiet enjoyment* goes to the possession and not to the title; and therefore to prove a

breach, it is ordinarily necessary to give evidence of an entry upon the grantee, or of expulsion from, or some actual disturbance in the possession ; and this, too, by reason of some adverse right existing at the time of making the covenant, and not of one subsequently acquired." 2 Greenl., § 243.

On the same subject Kent says, " But the covenant of warranty and the covenant for quiet enjoyment are prospective, and an actual ouster or eviction is necessary to constitute a breach of them." 4 Kent Com., 471, and authorities there cited.

A patient examination of authorities cited by counsel, as well as those cited by the above writers, satisfies me that the weight of authority, as well as of reason, is with the proposition that in order to maintain an action for the breach of the covenant for quiet enjoyment, the plaintiff must allege and prove that he has been actually turned out of the premises by legal process based upon a title or some right existing in another at the date of the covenant, or that such outstanding title having been asserted he has yielded to it and surrendered the possession thereto. In the former case the record of the judgment and service of the writ of possession would be conclusive evidence of the superiority of such outstanding title, but in the latter case the plaintiff would assume the burden of proving it by legal and appropriate evidence. Yet in the latter case, if the title to which the plaintiff has yielded has been established by the judgment or decree of a court of competent jurisdiction, the record would be conclusive proof of such title, and the surrender to it only need be proved as an independent fact.

It will be observed that this rule does not "require a person in possession, after his title has been destroyed by decree in equity, and a judgment of eviction has been rendered against him by a court of law, to still refuse to surrender possession, and have to pay the costs of an eviction by execution," but it does prohibit him from suing on the covenants

of his deed while he continues to enjoy the possession obtained under it. I will not say that the reasons for the rule which requires a party to be turned out or to render up the possession of premises, before bringing suit on the covenant of a deed for their quiet enjoyment, are many or conclusive, but I think that such ouster or surrender may be required as a pledge of good faith.

The only allegation of ouster or dispossession contained in the petition is the following: "That on the 20th day of November, 1882, a trial was had, and plaintiff herein was by the judgment of the court ordered evicted, and was evicted from said premises," etc. There was no evidence before the court of the dispossessing of the plaintiff or of his surrender or abandonment of the premises. The record of the judgment in ejectment was before the court. But I do not think that sufficient.

As to the second point, that the husband, who so far as appears did not have an interest in the land, shall be held merely as security, I have not deemed it necessary to decide. I am entirely satisfied with what is said in the original opinion on that subject. Were that the only point in the case, although it be admitted that P. J. Real was improperly joined as a defendant, yet he cannot complain of the action of the court in overruling the motion for a new trial. The finding being correct as to Ellen Real, a motion to set it aside must be overruled; and so the motion, being an entirety as to both defendants, was properly overruled as to both. P. J. Real never asked the trial court to set aside the finding as to himself alone, but encumbered his motion so that the court could not grant it in the terms in which it was applied for without also setting the finding aside as to Ellen Real, which as to this point would have been an obvious error. It is a rule of pleading, nearly if not quite without an exception, that a motion must be made in the precise terms in which it may be granted, or it will be denied.

I have above considered the cases as though the covenant for quiet enjoyment contained in the deed from the plaintiffs in error to Michael Real was the only covenant in said deed available to the plaintiff in the court below; but that depends upon whether, under the evidence in the case, the covenant of seizin contained in said deed can be held to have run with the land so as to have passed to the plaintiff below by virtue of the deed from Michael Real to him. It appears from the bill of exceptions that the land described in the pleadings constituted a part of the grant by the United States to the State of Kansas, to aid in the construction of the Northern Kansas railroad and telegraph, but that after the line of said railroad became definitely fixed, and the said grant operative, one Linas Clapp entered the same under the homestead law and received a patent therefor from the United States. That said Clapp conveyed the said land by deed to one R. P. Walker; that said Walker conveyed it to Ellen Real, the female plaintiff in error, who, together with her husband, the other plaintiff in error, conveyed it to one Michael Real by the warranty deed now under consideration, and Michael conveyed it to the defendant in error. Also, that on the 21st day of February, 1882, in an action pending in the circuit court of the United States in and for the district of Nebraska, wherein James W. Parker was plaintiff, and John H. Hollister (defendant in error herein) impleaded with the Phœnix Mutual Life Insurance Company, was defendant, it was ordered adjudged and decreed that the St. Joseph and Denver City Railroad Company had become and was entitled to letters patent of the United States, conveying to it the lands in the original bill in said cause described, being the same land as that conveyed by the deed now under consideration, but that such patent was issued to another party, who took the same and the title to said lands in trust for said company, and not otherwise, and that the defendant in said action, to-wit, the defendant in error herein,

then held the legal title to said lands under the said patent in trust for the plaintiff in said action.

It appears then to be settled by the judgment of a court of competent jurisdiction, in a cause in which defendant in error was a party, that at the date of the execution of the deed containing the covenant, for the breach of which defendant in error sues, whatever title the plaintiff in error had or held in or to the said land was held by Ellen Real as a trustee in trust for the St. Joseph and Denver City Railroad Company, and not in her own right, and it does not appear, either from the bill of exceptions, or otherwise, that either of the plaintiffs in error were ever in the actual possession of the said land. So, were we inclined to hold with Maine and Massachusetts, and as held to a qualified extent by Ohio, that possession of the granted premises by the covenantor is sufficient to cause the covenant of seizin to run with the land (see Rawle on Covenants for Title, p. 76), even then there are no facts in this case for the application of such rule. I do not lose sight of the rule that the holder of the general title of unoccupied land will be presumed to be in possession, but I know of no rule under which a tract of land, proved to be partly cultivated, will be presumed to be unoccupied, and there is no evidence on that point in the case at bar. Ordinarily, and doubtless in the cases out of which the above mentioned rule grew, the legal and equitable title were united in the same person, but in the case at bar it was proven that it had been in effect adjudicated that the equitable title was never in either of the plaintiffs in error, but passed by grant from the United States to the railroad corporation under which George M. Wood holds an unbroken chain of title.

I stated in the fore part of this opinion that under the facts of this case the only one of the covenants contained in the deed of the plaintiffs in error (available to the defendant in error) was that for quiet enjoyment, and we have seen that he cannot avail himself of the alleged breach

of that covenant, for the reason that for aught that appears to the contrary he is in the possession and enjoyment of the premises in the deed which he now seeks to attack.

The covenant of seizin, or covenant for title, as it is sometimes called, is not available to him, for the reason that it having been broken at the moment it was made, it becomes a personal cause of action in Michael Real, and did not run with his deed to the defendant in error. This is true, unless the seizin named in the said deed means the naked legal title which existed in Ellen Real by virtue of the wrongful issuance of the patent of said land by the United States officers to the said Linas Clapp. I think it means more than that.

The court of King's Bench, by Lord Ellenborough, in *Howell v. Richards*, 11 East., 633, says: The covenant for title is an assurance to the purchaser that the grantor has the very estate in quantity and quality which he purports to convey."

The deed now under consideration, I think, purports to convey the land absolutely, not only the legal but the equitable title to the whole quarter section. As it failed to convey such title, the covenant for the title or seizin being broken, failed to run with the land, and so did not pass from Michael Real to the plaintiff in the court below; and not being a cause of action accruing to him, the finding of the district court thereon in his favor was erroneous.

We have seen above that the finding of the district court in favor of the plaintiff in that court on the covenant for quiet enjoyment cannot be sustained, for the reason that there is no evidence of the said plaintiff having been turned out, or of his having yielded up the possession of said premises in response to a claim under a superior title. But it appears from the record that the defendant in error has expended the sum of sixty-four dollars and fifty-three cents, which was adjudged against him as costs in two sev-

eral suits against him by the holders of the paramount title to the said lands, and the claim of said defendant in error to recover the said sum, not being resisted by plaintiffs in error, but being admitted by counsel in the brief, upon the entry of a remittitur by the defendant in error, either in this court or the court below, within sixty days from the date of the filing of this opinion, of the whole of the judgment in the district court, except the sum of sixty-four dollars and fifty-three cents, the said judgment will stand affirmed as of that amount; otherwise the said judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

JUDGMENT ACCORDINGLY.

MAXWELL, CH. J., concurs.

REESE, J., dissents.    And for grounds of dissent refers to the original opinion.