PRENTISS D. CHENEY v. GUSTAVE H. STRAUBE.

FILED FEBRUARY 19, 1895.   No. 6586.

1. **Covenants:** ACTION FOR BREACH: POSSESSION. A covenantee is not required to resist an action by the holder of the paramount title until actually dispossessed by legal process, but may recover

against his covenantor after voluntarily surrendering to the holder of the better title. He at most assumes thereby the burden of establishing the title which he has thus recognized.

2. ———: DAMAGES. Evidence *held* to sustain the judgment complained of.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J.

*L. C. Chapman*, for plaintiff in error:

In an action for breach of covenant the plaintiff, under an allegation that he was compelled to surrender possession of the land to the holder of the superior title, has the burden of proof and must clearly establish the adverse title to which he has thus surrendered and that is paramount. When the plaintiff yields up possession quietly he does so at his peril. (2 Devlin, Deeds, secs. 925, 926; 3 Sedgwick, Damages [8th ed.], sec. 956; *Landt v. Major*, 31 Pac. Rep. [Col.], 524; *Hunt v. Amidon*, 40 Am. Dec. [N. Y.], 283.)

*J. Hall Hitchcock* and *S. P. Davidson*, *contra*.

POST, J.

The facts essential to an understanding of this case are fully stated in the opinion of this court on a former hearing. (See *Cheney v. Straube*, 35 Neb., 521). The plaintiff below, Straube, recovered on a second trial and the judgment therein has been removed into this court a second time on the petition in error of Cheney, the defendant below.

The first proposition argued on this hearing is that Straube voluntarily surrendered to Panco, the holder of the alleged paramount title, and that he has failed to establish the validity of the title thus recognized. It was said on the former hearing that one who voluntarily surrenders to a stranger asserting title must, in an action against his

covenantor for breach of warranty, establish the validity of the title which he has recognized. The trial court submitted to the jury the question whether Straube's title was extinguished by the foreclosure proceeding and whether Panco, the purchaser under the decree of foreclosure, was the holder of the paramount title at the time of the surrender by the former to him.

The following facts are established by the record: (1.) The existence of the mortgage at the date of the conveyance by Cheney to Straube. (2.) The foreclosure proceeding by the holder of the mortgage and the unsuccessful defense in the district court, and also in this court. (3.) The sale, confirmation, and deed. (4.) The demand of Panco, the purchaser, and surrender by Straube. The voluntary surrender under the circumstances stated is equivalent to an actual eviction and is, therefore, no defense by the purchaser upon his covenant of warranty. The covenantee in such a case is not required to prolong the controversy until dispossessed by legal process, but may surrender to the holder of the paramount title. He at most assumes the burden of establishing the adverse title. (2 Devlin, Deeds, 925, 926; *Real v. Hollister*, 20 Neb., 114; *Cheney v. Straube*, 35 Neb., 521.) The court might, and doubtless would, had a request been made therefor, have withdrawn the question from the jury and declared the surrender to have been equivalent to an eviction; but however that may be, it is clear that there is no error in the rulings on that branch of the case of which the plaintiff in error can complain.

2. The only question for the consideration of the jury was the amount of damage, and as the verdict is responsive to the evidence and in accordance with the rule previously announced in this case, it follows that the judgment must be

AFFIRMED.