BENJAMIN F. TROXELL v. LEONORA Z. JOHNSON.

FILED JUNE 15, 1897. No. 7372.

1. **Real Estate: POSSESSION.** The holder of the legal title to land of which there is no actual occupancy is deemed to be in possession thereof. (*Yorgensen v. Yorgensen*, 6 Neb., 383.)

2. **Covenant of Warranty: ACTION: EVIDENCE.** To sustain an action on a covenant of warranty, or for quiet enjoyment in favor of a covenantee, it must appear that there has been an eviction or surrender by reason of a paramount title. (*Real v. Hollister*, 20 Neb., 112; *Cheney v. Straube*, 35 Neb., 521.)

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Reversed.*

*Warren Switzler*, for plaintiff in error.

*L. D. Holmes, contra.*

HARRISON, J.

In this action, instituted in the district court of Douglas county by the defendant in error, she sought a recovery of certain sums which she alleged became her due from plaintiff in error by reason of a breach of a covenant of warranty contained in a deed of conveyance of real estate executed and delivered by him to her, pursuant to and in completion of her purchase of said realty from him. She was successful in the district court and was awarded a judgment, and he seeks in this court a review of the proceedings in the court below.

In the petition filed for defendant in error it was pleaded that on a certain date she purchased from plaintiff in error a certain described lot in Troxell's subdivision of a lot in an addition to the city of Omaha, and that he delivered to her a warranty deed therefor in which was contained the following: "And we hereby covenant with the said Leonora Z. Johnson that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear from all liens and incumbrances whatsoever. And we covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever. It is understood that a certain mortgage now of record, from Benjamin F. Troxell to John L. Redick, is still a lien on said lot, but to be paid by said Troxell when due. And the said Emma Troxell hereby relinquishes her right of dower in and to the above described premises." That at the time of the execution and delivery of the deed the plaintiff in error did not have the title to the said property and was not in actual possession thereof, but the same was vacant and unoccupied; that prior to December 29, 1875, one Frances H. Englebert was the owner in fee-simple of a certain lot in an addition to Omaha; that said Frances H. Englebert was married, her husband's name being J. Lee Englebert, and they had one child, a son, named Francis Leon Englebert, born October 11, 1868; that Frances H. Englebert died on December 29, 1875, and the surviving husband and son, the last named being at that time a minor, conveyed the property to George E. Pritchett, by whom it was conveyed to another party. There were further recitals of conveyances of the premises, including its being deeded to the defendant in error, and the further statements we will quote from the petition, as follows:

"Plaintiff alleges the fact to be that the only title or interest the said Troxell had in said property he pretended to convey by his said deed above described, was the pretended title obtained by the said conveyances from said Francis Leon Englebert.

"Plaintiff further alleges that at the time of making said conveyances on the 4th day of August, 1885, and the 21st day of June, 1886, the said Francis Leon Englebert was a minor under the age of twenty-one years; that said J. Lee Englebert departed this life the 22d day of September, 1888, and that the only interest he had in said property at any time was that of a life estate, which said estate expired on the 22d day of September, 1888.

"Plaintiff further avers that said Francis Leon Englebert attained his majority on the 11th day of October, 1889, and shortly thereafter disaffirmed his said conveyances to said George E. Pritchett, and on the 14th day of November, 1889, commenced his suit in the district court of Douglas county, Nebraska, against said Benjamin F. Troxell and Emma J. Troxell, his wife, George E. Pritchett, and this plaintiff, together with others, in which suit the said Francis Leon Englebert disaffirmed the said deed and asked that the said conveyances to said George E. Pritchett be set aside and the said title canceled and declared null and void, and that the said Francis Leon Englebert's title be affirmed and quieted in him, for the reason that the said Francis Leon Englebert was a minor at the time of making said conveyances.

"Plaintiff further avers that all of said parties were duly served with process of this court; that said defendants George E. Pritchett and Benjamin F. Troxell appeared in said cause and answered said petition; that the said cause proceeded to a hearing and on the 1st day of August, 1891, the court held that the said conveyances to the said George E. Pritchett were null and void and of no force and effect and ordered that the same be canceled and that all deeds, mortgages, conveyances, plattings, and dedications made by parties subsequent to said deeds made by said Francis Leon Englebert to the said George E. Pritchett be vacated and set aside; that a decree of the court was entered on the 1st day of August, 1891, and is found in journal 7 at page 566; that said decree remains in full force and effect and binding upon

all the parties to said suit, among whom are included the defendant in this case, whereby plaintiff has been deprived of all right and title in and to said premises, and the title which the defendant pretended to convey to the said plaintiff is void and of no force and effect, and the plaintiff alleges that the whole title to said property was in Francis Leon Englebert at the time of commencing this suit."

It is argued that the evidence was insufficient to sustain the finding made by the trial court and consequent judgment rendered. This is based on the proposition that it was necessary for the defendant in error to show that she had been evicted by, or surrendered the premises to, the holder of the paramount title; that neither was shown, and hence the proof was insufficient. It appears from the record that the defendant in error had improved and was in the occupancy of the said premises as a home for herself and family, and it was neither pleaded or proved that there had been an eviction in favor of the holder of the paramount title, or a surrender in any manner to the holder of such title. There were pleadings and a decree in the case of Francis Leon Englebert against Benjamin F. Troxell, Leonora Z. Johnson, and others introduced in evidence. The action was one instituted by the plaintiff named to have the conveyances to Pritchett of the lot in the addition to Omaha of which the property referred to in the case at bar was a part, and the subsequent conveyances of all descriptions or kinds, vacated. In the decree in the case of Englebert against Troxell and others there were statements of the findings therein in relation to the conveyances to Mr. Pritchett, from which as evidenced it might be inferred that the court had considered the deeds as transfers, not voidable, but void and of no force from their inception. A careful analysis of the whole decree, however, convinces us that it was predicated upon the finding that the grantor in the deeds, the plaintiff in the suit for their annulment, was at the time of their execution and delivery a minor, and might, as he

8

did at his majority, disaffirm them and demand that they be set aside, which was the relief that the decree accorded him. Since the trial of the case at bar it has been decided by this court in the case of Englebert against Troxell and others, on an appeal, that the deeds to Mr. Pritchett were voidable and not void. (*Englebert v. Troxell*, 40 Neb., 195. See statement in body of opinion on pages 202 and 203.) This being true, the legal title was in Pritchett and his grantees from the time of the conveyances to them respectively until such time as they, by conveyance to other parties, parted with it; and the premises being vacant and unoccupied during the time Pritchett and the successive grantees, including Troxell, held the title, they must be presumed to have been in possession. (*Yorgensen v. Yorgensen*, 6 Neb., 383; *Real v. Hollister*, 20 Neb., 112; *Daggett v. Reas*, 48 N. W. Rep. [Wis.], 127; *Devore v. Sunderland*, 17 O., 52); and nothing was proved to rebut this presumption. On the contrary, as to Troxell it was proved that he exercised many acts of ownership of the property. It follows that no action accrued in favor of defendant in error until she was evicted or surrendered in favor or by reason of the paramount title. (*Real v. Hollister, supra; Cheney v. Straube*, 35 Neb., 521.) The judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.