FRED G. BURTON, *Plaintiff in Error*, vs. A. FRANK PRICE, *Defendant in Error*.

141 So. 728.

Division A.

Opinion filed May 21, 1932.

Petition for rehearing denied June 20, 1932.

*W. Kenneth Barnes* for Plaintiff in Error;
*Arthur L. Auvil* for Defendant in Error.

BUFORD, C.J.—In this case declaration was filed in two counts. The first count was a conventional declaration on breach of covenant of seizin. The second count was a conventional declaration on breach of covenant of warranty. Copy of the deed of conveyance in which the cov-

enants were contained was attached to the declaration and made a part thereof.

There was a demurrer to the declaration which was sustained as to both counts. On demurrer being sustained plaintiff declined to amend his declaration and judgment was entered in favor of defendant to which writ of error was sued out. The covenants in the deed of conveyance read as follows:

"And the said party of the first part does covenant with the said party of the second part that he is lawfully seized of the said premises, that they are free from all encumbrances and that he has good right and lawful authority to sell the same; and the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claim of all persons whomsoever, by, through and under him."

The demurrer was properly sustained as to the second count of the declaration because the warranty contained in the deed of conveyance was a special warranty which could not be extended to a general covenant of warranty against all persons. See Davenport vs. Lamb, 20 Law. Ed. 655; Bell vs. Twilight, 26 N. H. 401; Jackson vs. Peek, 4 Wynn 300.

In this case the declaration shows that the incumbrance complained of was not held by one claiming the same by, through or under the grantor in plaintiff's deed, but that such incumbrance was by reason of an outstanding adverse title existing at the time at which grantor acquired his title.

The demurrer as to the first count of the declaration should have been overruled. The covenant of seizin contained in the deed is general and unqualified. It appears to be well established that a grantee who acquires no title by the deed of conveyance and who acquires no possession and no right of possession under such deed containing covenants of seizin may recover the purchase money paid with

interest thereon in an action for breach of such covenant of seizin and that the breach occurs immediately upon the execution and delivery of the conveyance. See Rasser vs. Carney, 52 Minn. 397, 54 N. W. 89; Blanchard v. Ellis, 1 Gray 195; Nichol vs. Alexander, 29 Wisc. 191, 22 N. W. 405; Burton vs. Reed, 20 Ind. 87; Abbott vs. Allen, 14 Johns (N. Y.) 248; McIntosh vs. Stewart, 181 Ala. 328, 61 Sou. 959; Peters v. Bowman, 25 Law. Ed. 91; Pollard vs. Dwight, 6 Law. Ed. 666.

The covenant of seizin may be defined to be an assurance that the grantor has the very estate in quantity and quality which he purports to convey. Brant vs. Foster, 5 Iowa 287; Real vs. Hollister, 20 Neb. 112, 29 N. W. 189.

It is not necessary that the covenant of seizin fail as to the whole of the lands conveyed that the action may be maintained but the vendee may recover if there be a failure of seizin as to a part of the premises described in the deed and in such case the measure of damages is such fractional part of the whole consideration paid as the value at the time of the purchase of the part to which the title failed bears to the whole block purchased, with interest thereon during the time the plaintiff has been deprived of the use of that part to which he could not acquire possession. McLellan vs. Prentise, 85 Wisc. 427, 55 N. W. 764.

If plaintiff can prove the allegations of the first count of his declaration he may recover from the defendant because of the breach of covenant of seizin and, therefore, the judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.