47 So.2d 624 (1950)
WILLIAMS
v.
AZAR et ux.
Supreme Court of Florida, Division B.
July 25, 1950.
*625 Sam E. Murrell and Sam E. Murrell, Jr., Orlando, for appellant.
Sanders & McEwan, Orlando, for appellees.
CHAPMAN, Justice.
Plaintiff-appellant sued the defendants-appellees in the Circuit Court of Orange County, Florida, for a breach of covenant of seizen of described land. The case went to trial on the first and third counts of plaintiff's third amended declaration. The first count alleged that the defendants-appellees on January 20, 1948, by warranty deed conveyed described lands to the plaintiff and therein covenanted that the defendants were lawfully seized of the premises and had good right and lawful authority to sell the same. It further alleged that the defendants-grantors in the deed were not lawfully seized at the time of the conveyance of the described lands and were without lawful authority to sell the same because one Byrd Parrish and wife Emma Parrish were at the time of the conveyance in the adverse possession of the west eight feet of the described land. For said reason the plaintiff was not able to obtain possession of the part of the described lands held by the Parrishes for a period of ten months and the plaintiff expended large sums of money to defend, clear and quiet title thereto and said expenditures were reasonable and necessary. Damages in the sum of $3,000 were requested.
The third count alleged the execution and delivery to the plaintiff of a warranty deed to described land by defendants-appellees and for which the plaintiff-appellant paid them the sum of $8,500. It alleged that in and by the warranty deed the defendants-appellees convenanted that they were lawfully seized of the described lands; they were free from encumbrances and had a lawful right to sell the same; plaintiff alleged that the defendants-appellees were not lawfully seized and possessed of the west eight feet of the described land, as said eight foot strip was in the possession of Byrd Parrish and wife Emma Parrish, and the alleged adverse possession asserted by the Parrishes in law constituted a breach of the covenant of seizen as contained in the warranty deed. It was necesssary for the plaintiff-appellant to prosecute and obtain a judgment in ejectment against the Parrishes and in so doing expended moneys for court costs, lawyer fees, surveyor's fees, and other lawful items, reasonably necessary to evict the Parrishes from said eight foot strip of land and said sums so expended were obligations of the defendants-appellees and constituted a breach of their covenant of seizen contained in the warranty deed to plaintiff-appellant dated January 20, 1948. Plaintiff claimed damages in the sum of $3,000.
Attached to the amended declaration is a copy of the warranty deed from the defendants-appellees to the plaintiff. Reference in the record is made to the ejectment suit by the plaintiff against the Parrishes in which judgment in behalf of the plaintiff was entered for the eight foot strip across the west side of the lot so conveyed. Various pleas were filed to the counts of the declaration and the trial court held that the plaintiff-appellant was entitled to a judgment for nominal damages and nothing more. Verdict and judgment for the plaintiff in the sum of $1 was entered below. The plaintiff appealed.
Counsel for appellant in the lower court contended that the reasonable damages incurred in the ejectment suit against the Parrishes resulting in a judgment of ouster as falling within the covenant of seizen of the warranty deed and recoverable in this suit were the following items: (1) Clerk's costs in the sum of $7.50; (2) Sheriff's costs in the sum of $5.45; (3) Court Reporter's costs in the sum of $10; (4) Surveyor's fees in the sum of $25; (5) Attorney's fee for the plaintiff in the ejectment suit in the sum of $500. The record fails to disclose a bill of particulars or a *626 motion requiring one to be filed. The trial court held that the defendants-appellees were liable at law for a breach of the covenant of seizen so covenanted in the defendants-appellees warranty deed but held that the law allows and permits the recovery only of nominal damages. Counsel for appellees contend that the judgment entered below should be affirmed.
The controlling question presented on this record is the measure of damages recoverable in an action for a breach of covenant of seizen as reflected by the record in this controversy. Pertinent language of the warranty deed sued upon is viz.: "and the parties of the first part do covenant with the party of the second part that they are lawfully seized of said premises, that they are free from all encumbrances and that they have good right and lawful authority to sell the same; and the said parties of the first part do hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever."
The case of Burton v. Price, 105 Fla. 544, 141 So. 728, was an action for the breach of a covenant of seizen. In this suit we defined the covenant of seizen to be an assurance that the grantor has the very estate in quantity and quality which he purports to convey. We further held that when a grantee acquires no title by the deed of conveyance and acquires no possession and no right of possession under a deed containing covenants of seizen, the grantee may recover the purchase money paid, with interest, in an action for breach of covenant of seizen and that the breach occurred upon execution and delivery of the conveyance.
We further held that it was not necessary that the covenant of seizen failed as to the whole of the lands conveyed in order to be able to maintain the action, but the vendee may recover if there be a failure of seizen as to a part of the premises described in the deed, and in such a case the measure of damages is the fractional part of the whole consideration paid as the value at the time of the purchase of the part to which title failed bears to the whole tract purchased, with interest thereon during the time the plaintiff was deprived of the use of that part to which he could not acquire possession.
The record discloses that the plaintiff-appellant produced witnesses who testified to the material allegations of counts one and three of the declaration, and additional thereto the court files in the ejectment suit brought to obtain possession of the eight foot strip across the lot were filed in evidence. The trial court, on motion of counsel for the defendants-appellees at the conclusion of the plaintiff's case, directed the jury to find a verdict for the plaintiff-appellant in a nominal amount. It was not contended by counsel for the defendants-appellees that the ejectment suit was not brought in good faith or that a judgment of ouster was not necessary to obtain possession of the eight foot strip or that the costs and fees incurred in prosecuting the ejectment suit were unnecessary or unreasonable. It is admitted by the record that the Parrishes retained the possession of the eight foot strip for a period of ten months after date of the deed and yielded possession only after plaintiff-appellant obtained a judgment of eviction against them for the disputed tract.
The several items of cost, supra, sought to be recovered in this action for breach of covenant as having been incurred by the plaintiff-appellant in the successful prosecution of the ejectment suit against the Parrishes for the recovery of the west eight feet across the lot, as described in the deed from defendants-appellees to plaintiff and dated January 20, 1948, presents to this Court a new question not controlled by statute or precedent in Florida, but our nearest approach thereto is our holding in Burton v. Price, supra. We find authority to sustain the view that where a grantee has not been disturbed in his possession nor subjected to any inconvenience or expense by reason of a defect in the title conveyed, then the courts uniformly hold that the grantee cannot and should not be permitted to recover more than nominal damages for a technical breach of a covenant of seizen. It appears that the trial court applied the above rule to this controversy, which appellant contends is clearly erroneous.
*627 On the other hand, some jurisdictions hold that in an action for a breach of the covenant of seizen only the taxable costs in defending the title may be recovered. See 14 Am.Jur. par. 158. If the grantee buys an outstanding title he may recover of the grantor as a measure of damages for the breach of covenant of seizen the amount necessarily paid for it, not exceeding the amount of the consideration for the deed. The rule stated in 21 C.J.S., Covenants, Subsection 5(b) of paragraph 142, page 1014, is viz.: "Where the covenantee has purchased the outstanding title, his damages for the breach of his vendor's covenant of warranty or for quiet enjoyment or of seizin will be limited to the amount necessarily paid by him for that purpose, including interest, incidental expenses, and reasonable compensation for his trouble, not exceeding in all the purchase price and interest. The price paid, however, must be reasonable, and the title purchased must be valid. Where the grantee extinguishes the paramount title for a nominal consideration, he can recover on the covenant only the amount of such consideration, with reasonable compensation for expenses to which he may have been put in extinguishing it. In some cases the general rule is apparently limited to cases where the vendor has been guilty of no fraud."
See 14 Am.Jur. 585-589, pars. 157-160. Costs of suit and attorney fees necessarily paid by the covenantee: See Annotation 61 A.L.R. 157-171; also Annotations 100 A.L.R. 1203-1204; Douglass v. Lewis, 131 U.S. 75, 9 S.Ct. 634, 33 L.Ed. 53.
It is our conclusion that the judgment appealed from should be reversed and a new trial awarded, at which trial, in the event the plaintiff shall prevail, the measure of damages shall be the taxable costs and reasonable attorney's fees expended by the plaintiff in securing the title and possession of the property in the action of ejectment.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.