### OLSON, et ux v. WRIGHT, et ux.

Circuit Court, Dade County, Civil Appeal.

November 9, 1955.

R. K. Bell, Miami, for appellants.

Boardman, Bolles & Kates, Miami, for appellees.

VINCENT C. GIBLIN, Circuit Judge.

The appellants (the defendants below), by a deed embodying the usual covenants of warranty, conveyed a parcel of real estate to the predecessor in title of the appellees (the plaintiffs below), the present owners. At the time of the conveyance the property was subject to an easement. For a breach of warranty the appellee-plaintiffs sued and, by the challenged judgment (based on a jury's verdict), were awarded damages of $1,350 ($350 of which were for attorneys' fees).

At the trial it was shown that the plaintiff-appellees had effected an extinguishment of the easement by the payment to its holder of $1,000.

The only question of consequence presented by the appeal is whether there was an evidentiary basis for the jury's award, as part of the plaintiff-appellee's damages, of $1,000, the price paid for extinguishment of the easement.

The applicable rule, as to the measure of damages, approved by the Supreme Court of Florida in Williams v. Azar, 47 So. 2d 624, is stated in 21 C. J. S. 1014—"Where the covenantee has purchased the outstanding title, his damages for the breach of his vendor's covenant of warranty or for quiet enjoyment or of seizin will be limited to the amount necessarily paid by him for that purpose, including interest, incidental expenses, and reasonable compensation for his trouble, not exceeding in all the purchase price and interest. The price paid, however, must be reasonable."

There was, I think, adequate evidence to justify and warrant the jury's finding that it was necessary for the appellee-plaintiffs to pay $1,000 to effect the extinguishment of the easement and that such price was reasonable in the circumstances revealed by the evidence. Admittedly it did not exceed the purchase price of the property. Counsel for the defendant-appellants argue that there was no evidence that $1,000 was the reasonable or fair "market value" of the easement. In my opinion it was not necessary to introduce proof of the "market value" of the easement. It is difficult for me to conceive of any "market" for an easement of the character of that involved. The easement was of value only to the seller or to the buyers. The latter, in paying the demanded price, acted under the compulsion produced by their unfortunate predicament for which the defendant-appellants were responsible. The burden rested on them, if they considered the price paid as unreasonable, to show its unreasonableness. They offered no such proof.

The judgment appealed from (entered in minute book 92, at page 217, of the records of the court below) is affirmed.