MILLEDGE, STANLEY, Associate Judge.
Gross, the grantee in a deed from Keystone Point, Inc., sought damages in the circuit court against the grantor for breach of the covenant of seizin. The deed was in statutory form, conveying a fee simple title to six contiguous lots described according to a recorded plat which shows the lots facing on a canal dedicated to public use. The essential facts are not in dispute. Before making the conveyance, the grantor had erected a sea wall several feet back of the line of the canal as shown on the plat. The bulkhead is not shown on the plat. The plaintiff contended that he did not get title to all of the land shown on the plat and called for in the deed. He says that he got title only to the bulkhead line. Each party moved for a summary judgment. From a summary judgment for defendant the plaintiff appealed. We continue the original designation of the parties.
The plaintiff says that he purchased the lots without inspection relying solely on the recorded plat. If true, this has no significance. The plaintiff is not seeking either rescission or reformation. He is not claiming damages for the tort of fraud and deceit. He is suing for breach of the grantor’s warranty of title. Relying on Burton v. Price, 105 Fla. 544, 141 So. 728 and Williams v. Azar, Fla. 1950, 47 So.2d 624, the plaintiff says that the covenant of seizin is an assurance that the grantor has the very estate in quantity and quality which the grantor purports to convey. This proposition is undoubtedly true. Quantitatively the plaintiff got what the deed calls for, six lots according to the plat. The lots extended to the line of the dedicated canal. The fact that the part of the lots beyond the bulkhead were covered by water has nothing to do with the extent of the area owned and conveyed. The plaintiff was also entitled to get the quality of estate which the grantor purported to convey, namely a fee simple estate. Quality of estate has nothing to do with the physical characteristics of the land, whether the texture of the soil or its altitude. We are not dealing with “submerged” land where the question of whether title has ever passed from the state may depend on whether the land is submerged. The grantor had a fee simple estate in the land, not a fee tail, an estate for life or any other kind of estate in the land except a fee simple, which he purported to have and which he conveyed. The plaintiff acquired a fee simple estate to the wet part of his lots as well as the dry part. It is not suggested that anyone else claims any title to or estate in or easement over the wet part or that there is any legal impediment to the plaintiff filling in the wet parts of his lots out to the canal line.
The judgment appealed from is affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.