TILLMAN PEARSON, Judge.
A summary final judgment was entered against the plaintiffs and they appeal. There was no dispute as to the facts. Appellants’ sole contention is that the trial court erroneously decided the question of law involved.
The appellee gave to the appellants a deed labelled “Special Warranty Deed”, the relevant portion of which reads as follows:
“And the said grantor(s) do(es) hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever claiming or to claim the same, by, through and under the grantor (s) herein.”
Subsequently, it was discovered that the defendant-appellee did not have title to the property conveyed at the time of the conveyance, nor had she since that time acquired title. The appellants urge that, inasmuch as the form of the deed in question was that set forth in § 689.02, Fla.Stat., F.S.A., except for certain words of limitation which were added, the deed was one containing full common-law covenants by virtue of § 689.03, Fla.Stat., F.S.A.,[1] limited only by the words “claiming or to claim the same by, through and under the grantor herein.” It is thereupon argued that the words of limitation quoted were not sufficient to eliminate the common-law covenant of seisin.[2] *166 The appellant relies upon the case of Burton v. Price, 105 Fla. 544, 141 So. 728, as authority for this interpretation. In the Burton case the statutory form of warranty deed was not used but the covenants in the deed read as follows:
“And the said party of the first part does covenant with the said party of the second part that he is lawfully seized of the said premises, that they are free from all encumbrances and that he has good right and lawful authority to sell the same; and the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claim of all persons whomsoever, by, through and under him.”
The Court held that the covenant of seisin as contained in the deed was general and unqualified and that the words of limitation clearly applied only to the covenant of warranty.
The Burton case is distinguished from the instant case in that in the instant case the words of limitation “all persons whomsoever claiming or to claim the same, by, through and under the grantors herein” immediately follow the statutory language “hereby fully warrant the title to said land, and will defend the same against the lawful claims” which gives rise to all of the common-law covenants. The limiting clause therefore limits not one covenant as was the case in Burton v. Price, but limits all of the covenants.
Professor Ralph E. Boyer in “Florida Real Estate Transactions” at § 7.04 dealing with deeds of the type here discussed says:
“§ 7.04 Special Warranty Deed
“The special warranty deed derives its name from the covenant of special warranty which limits the scope of the warranty covenant to claims arising ‘by, through or under the grantor.’ It is thus distinguished from the general warranty covenant which warrants against the claims of ‘all persons whomsoever.’ The special warranty deed may and frequently does contain one or more of the other covenants for title, but when such other covenants are used they should be appropriately modified so that they cannot be enlarged by construction to warrant against claims other than those arising by or through the grantor. Special warranty deeds are used when the grantor is unwilling to warrant against possible defects arising before he acquired title. Frequently, tax title holders, particularly those claiming through an administrative tax deed, who have not prosecuted a quiet title action against the former owners, convey by special warranty deed. A special warranty deed is, of course, effective to convey all the title and estate of the grantor. The covenants as such have no operative effect; they simply define the scope of the liability of the grantor for breach of covenant if less than an indefeasible title is passed. * * * ”
We find this statement to be in accord with the general law on the subject.
Affirmed.

. “689.03 Effect of such deed. — A conveyance executed substantially in the foregoing form shall be held to be a warranty deed with full common law covenants, and shall just as effectually bind the grantor, and his heirs, as if said covenants were specifically set out therein. And this form of conveyance when signed by a married woman shall be held to convey whatever interest in the property conveyed which she may possess.”

. The covenant of seisin is commonly defined to be an assurance that the grant- or has the very estate in quantity and quality which he purports to convey. Burton v. Price, 105 Fla. 544, 141 So. 728. 3 American Law of Property, § 12.127 (1952).