214 So.2d 649 (1968)
Joe D. FONG and Amy W. Fong, His Wife, Appellants,
v.
Catherine BATTON, Appellee.
No. 67-1089.
District Court of Appeal of Florida. Third District.
October 15, 1968.
*650 Helliwell, Melrose & DeWolf and Michael G. Martin, Miami, for appellants.
Carr & Warren, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This appeal was taken by the appellants, who were the defendants in the Circuit Court of Dade County, from a final summary judgment in favor of the plaintiffs. The action arose on the following facts: in 1948, according to the public records of Dade County, Florida, certain property at issue in this case was owned by Daisy A. Vitale; the public records show the recordation of a mortgage executed in 1949 by Audrey Donaldson and delivered to Daisy Vitale; the records then reflect an assignment of the mortgage by Vitale to Bell Hancock; next the records reflect that satisfaction *651 of the mortgage on or about April 28, 1950. The next transaction shown in the public records was a conveyance of the property by Audrey Donaldson to the defendants in December, 1952. Public records do not show a deed from Vitale to Donaldson.
In July, 1959, the defendants entered into a contract for deed with Jesse Batton, who was formerly the husband of plaintiff below, Catherine Batton. This contract was recorded in the public records. Subsequently, Jesse Batton was divorced from Catherine Batton and, pursuant to the divorce decree, conveyed all right, title and interest to the plaintiff, Catherine Batton. On or about July 31, 1965, pursuant to the contract for deed referred to above, defendants executed and delivered to the plaintiff a warranty deed conveying the said property to her. Thereafter, in 1966, when plaintiff attempted to secure a first mortgage on the property, she discovered the non-recordation of the conveyance from Vitale to Donaldson. Based upon this missing link in the recorded chain of title, the plaintiff brought an action for breach of the covenant of seisin which was inherent in the warranty deed given her by the defendants.
On motion for summary judgment by both the plaintiff and the defendants, the trial court found first, that the defendants were liable for the sum of $4,695.00, without interest, such amount being the purchase price paid for the property; further, that the plaintiff should have and recover from the defendants the costs she expended in the action; and finally, the lower court implied in the final summary judgment that the plaintiff was to get fee simple absolute title to the property.
This appeal treats the two basic issues of law raised in this cause: first, whether the defendants complied with the covenant of seisin by conveying to the plaintiff title in the transaction of July 31, 1966; and secondly, whether the court below applied the proper measure of damages.
The plaintiff's cause of action was predicated upon defendant's having breached the covenant of seisin. The covenant of seisin is an assurance that a grantor has the very estate in quantity and quality which he purports to convey. Thus, seisin is breached if the grantor has no title at all or if part of the land is in the adverse possession of another. Williams v. Azar, Fla. 1950, 47 So.2d 624; Burton v. Price, 105 Fla. 544, 141 So. 728; 1 Boyer, Florida Real Estate Transactions § 15.07.
When the defendants delivered title to the plaintiff, the chain of title was imperfect for the reason that the conveyance from the grantor Vitale, to the grantee Donaldson, was not a matter of public record. We hold that this imperfection in the chain of title is insufficient to sustain a cause of action for breach of the covenant of seisin.
The record shows that the only pleading entered in this cause relating to the Vitale-Donaldson conveyance was an affidavit by the grantee Donaldson, in which she stated that she had been the grantee of all title and interest in the property, but had lost the actual deed and subsequently failed to record it in the public records. Both the affidavit and the public record presented the trial court with the factual and legal effect of a chain of title containing an unrecorded conveyance. Applying the rules of law to this set of facts, the court erred in holding that a breach of the covenant of seisin had occurred. Rather, the law is settled that, in the absence of a contractural provision calling for "marketable record title", or "marketable abstract title", an unrecorded link in the chain of title does not, in and of itself, create unmarketable title. In De Huy v. Osborne, 96 Fla. 435, 118 So. 161, this distinction was discussed:
"Every valid undertaking to convey land implies the conveyance of a good title, unless of course such an obligation is excluded by other provisions of the contract. *652 [Citations omitted.] That obligation, however, where the contract does not in effect require the conveyance of a good marketable title `of record,' may be discharged by the conveyance of a title resting partly in parol, but free from doubt upon questions of both law and fact. [Citations omitted.] But the distinction between `a good marketable title', and `a good marketable title of record' or `as shown by an abstract,' is obvious. [Citations omitted.] A vendor's obligation to deliver a good marketable title of record is not fulfilled when the validity of the title tendered depends upon material facts not susceptible of reasonably definite ascertainment or proof by record evidence, at any and all times, by those who may need to prove them for the protection of the title, or, in other words, when the title tendered is not deducible of record with reasonable certainty."
See also R.E.L. McCaskill Company v. Dekle, 88 Fla. 285, 102 So. 252, where parol proof was used to perfect a chain of title which depended upon adverse ownership.
The recordation statute, § 695.01 Fla. Stat., F.S.A, has always been primarily intended to protect the rights of bona fide purchases of property, and creditors of property owners, rather than the immediate parties to the conveyance to the property. In Moyer v. Clark, Fla. 1954, 72 So.2d 905, the Supreme Court stated that, "The statute obviously was not intended to have the result of requiring a grantee to record his own deed within a specified time, or lose an otherwise valid title." Id. at 908.
In Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, the recording statute was the subject of this discussion:
"Our recording statute (citation omitted) requires deeds to be recorded to be effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, and was never intended to affect the rights of anyone else. The record of a deed is notice only to those who are bound to search for it (sic) to creditors and those who have subsequently acquired some interest or right in the property under the grantor or mortgagor." Id. at 908.
The next point to be reviewed here is the correctness of the measure of damages applied by the trial court. Assuming for the moment that a breach of the covenant of seisin did, in fact, occur, it could only have been a technical one because the plaintiff did not suffer an actual or a constructive eviction; rather, she peacefully occupied the property for six years and has never been called on to defend her title to the property. The rule of damages applicable here is well stated in Williams v. Azar, supra:
"The several items of cost, supra, sought to be recovered in this action for breach of covenant as having been incurred by the plaintiff-appellant in the successful prosecution of the ejectment suit against the (defendants) * * * presents to this court a new question not controlled by statute or precedent in Florida, but our nearest approach thereto is our holding in Burton v. Price, supra. We find authority to sustain the view that where a grantee has not been disturbed in his possession nor subjected to any inconvenience or expense by reason of a defect in the title conveyed, then the courts uniformly hold that the grantee cannot and should not be permitted to recover more than nominal damages for a technical breach of the covenant of seizin. 47 So.2d 624, 626."
See also General Properties Corporation v. Gore, 153 Fla. 236, 14 So.2d 411.
We must note also that, when determining damages, the lower court should cause the covenantee to account for the reasonable value of what he has had. 6 Powell on Real Property § 905 (1968). Plaintiff here *653 enjoyed six years of undisturbed occupancy of the property; any damages she might have been entitled to should have been reduced by the value of that occupancy. For the reasons stated we hold that the trial court was in error in allowing the plaintiff damages and also the right to retain the fee simple title to the property. Accordingly, the summary final judgment appealed is reversed.
Reversed.