**In re NEMACOLIN, INC., Debtor.**

**Bankruptcy No. 86–3208.**
**Motion No. 89–3365M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 14, 1989.

Robert H. Slone, Mahady & Mahady, Greensburg, Pa., Trustee.

Mark L. Glosser, Pittsburgh, Pa., for trustee.

Maurice A. Nernberg, Jr., Nernberg & Laffey, P.C., Pittsburgh, Pa., for Moriarity.

Philip E. Beard, Stonecipher, Cunningham, Beard and Schmitt, Pittsburgh, Pa., for debtor.

**MEMORANDUM OPINION**

JOSEPH L. COSETTI, Bankruptcy Judge.

The matter presently before the court is an objection by Eugene P. Moriarity ("Moriarity") to the trustee's sale of real property owned by the debtor Nemacolin, Inc. ("Nemacolin") pursuant to a chapter 7

*Stainless, Inc.*, 59 B.R. 603 (Bankr.N.D.Ohio 1986).

bankruptcy. Moriarity claims that since the trustee had notice of Moriarity's interest in the property, the trustee cannot sell that property. We find Moriarity's argument without merit and we confirm the trustee's sale of the real property.

The court believes the necessary facts are undisputed. On or about December of 1982, Moriarity bought several undeveloped lots from the debtor. However, Moriarity failed to record the deed from this sale and did not enter into possession of the land. Up to the date of the chapter 7 sale, the lots have remained undeveloped.

Other facts are offered by the objector. For the purposes of this objection, they are regarded as proved. Moriarity formerly used the name James P. Weisman. At the instruction of the debtor, an attorney for the debtor prepared deeds based on a sale. Deeds were prepared to James P. Weisman, individually, and James P. Weisman, as Trustee for Brendan John Weisman. The president of the debtor reports payment in full. A vice president of the debtor reports he delivered the deeds by mailing them to Mr. Weisman. Moriarity reports that he did not receive these deeds. The parties admit the deeds are unrecorded. The objector believes that various internal records of the debtor contain notice of this sale.

Four years later, on December 16, 1986, the debtor filed a chapter 11 bankruptcy. On January 18, 1989, the case was converted to chapter 7.

The trustee now proposes to sell the real property in question. Moriarity objects to the confirmation of this sale, believing that because the trustee had notice of Moriarity's interest in the land, the trustee had no right to sell.

Section 544(a) of the Bankruptcy Code, 11 U.S.C. § 544(a)(3), states as follows:

(a) The trustee shall have as the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by—

(3) a bona fide purchaser of real property, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

The language of 11 U.S.C. § 544(a)(3) makes it clear that notice—whether actual or constructive—is irrelevant. This statute does not place the burden on the trustee to perform the acts a buyer must perform in order to become a bona fide purchaser. Rather, a trustee becomes an automatic bona fide purchaser by the filing of the bankruptcy petition. Recording the deed is the only sure method of protecting an interest in property from a bona fide purchaser—a trustee in bankruptcy. Therefore, the only method Moriarity could have kept the lots from the trustee was by recording a deed. Since Moriarity did not do this, the trustee has the status of a bona fide purchaser. The realty is property of the estate and the trustee and has the right to sell the land at a chapter 7 sale.

The statutory structure and theory of 11 U.S.C. § 544 are clear and intended to be powerful. In the first paragraph of 11 U.S.C. § 544(a)(1), the trustee at the commencement of the case is provided with the power of a creditor who has obtained a judicial lien. In Pennsylvania, a judicial lien creditor would defeat an unrecorded deed owner. In 11 U.S.C. § 544(a)(2), the trustee is provided with the power of an execution creditor whose execution has been returned unsatisfied. This constitutes a perfected lien power over personalty in Pennsylvania. In 11 U.S.C. § 544(a)(3) with regard to real property, a trustee is provided with the power of a perfected bona fide purchaser. These three sections were a deliberate effort by Congress to overrule several cases which had developed exceptions to this theory under the former Act.

Moriarity argues that *McCannon v. Marston*, 679 F.2d 13 (3d Cir.1982), holds that under Pennsylvania law, if a trustee has or should have notice of another party's interest in the property of a debtor, he cannot exercise any control over it.

*McCannon* cannot be read that broadly or it would contradict the plain meaning and intent of the statute. *McCannon* has unique facts and should be limited to those facts. There, a hotel was being converted into a condominium and a woman was in possession of the property with a land sale or executory contract for the property which is treated under 11 U.S.C. § 365(i). *McCannon* should not be applied where executory contracts are not implicated. To decide otherwise would contradict both the plain language of sections 544(a)(1) and (3) and the intent of Congress.

Unrecorded deeds are vulnerable to the power of the trustee in bankruptcy. Congress intended that an interest in property could be protected from the bankruptcy trustee by recording or perfecting a deed. Moriarity did not do this.

As with other recording and perfection statutes, perfection is designed to eliminate disputes such as this by encouraging recording and perfection. Recording and perfection also reduce fraud and the disputes related to fraud. Perfection is simple to accomplish in Pennsylvania and not burdensome. Four years was enough time for these purchasers to attend to this task.

The court confirms the sale.