**In re JMJ BUILDING CO., Debtor.**

**JMJ Building Company, Plaintiff,**

**v.**

**Bankers Trust Company of California, N.A. and Shirley A. Hill, Defendants.**

**Bankruptcy No. 98–00941–6J1. Adversary No. 99–0223.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

April 28, 2000.

Peter N. Hill, Wolff, Hill, McFarlin & Herron, PA, Orlando, FL, for Debtor/Plaintiff.

Gregory T. Hall, A/F Bankers Trust Co. of California, Tampa, FL, Robert M. Bovarnick, A/F Bankers Trust Co. of California, Philadelphia, PA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for hearing on April 12, 2000, on the motion of Bankers Trust Company of California, N.A. ("Bankers") to dismiss the amended complaint filed in this adversary proceedings (the "Motion") (Doc. No. 10). Plaintiff, JMJ Building Co. ("JMJ"), in its amended complaint, claims an ownership interest in certain real property that allegedly was fraudulently or preferentially transferred to the Defendants (Doc. No. 7). Defendant, Shirley A. Hill ("Hill"), recently filed a separate bankruptcy case in California and has neither joined in the Motion nor made an appearance in this adversary proceeding. After reviewing the pleadings and the applicable law, the Motion is granted. Counts I, II, and III of the amended complaint are dismissed with prejudice.

The pertinent facts are undisputed. JMJ built and then sold a single-family home in Marion County, Florida to Hill on November 30, 1996. Hill, joined by her husband, granted a first mortgage on the property to Mortgage Corporation of America ("MCA"), who financed the purchase of the property. The closing agent made a mistake and erroneously recorded the deed and mortgage in the wrong county.

MCA later assigned its first mortgage to Bankers, which properly recorded the assignment in Marion County on September 16, 1997. The deed between JMJ and Hill never was recorded in Marion County. Shortly thereafter, Hill defaulted in payments due to MCA/Bankers.

On December 11, 1997, Bankers filed a foreclosure action against the still record titleholder, JMJ, and recorded a lis pendens in the public records of Marion County. On December 16, 1997, the complaint was served on JMJ. Only after these

events, on January 13, 1998, did Bankers properly record the mortgage originally given by Hill to MCA in Marion County. JMJ filed for protection under Chapter 11 of the Bankruptcy Code on February 4, 1998.

In the amended complaint, JMJ asserts three counts, Counts I, II, and III, against Bankers claiming the mortgage properly recorded by Bankers in Marion County is subject to avoidance as a fraudulent or preferential transfer. In the Motion, Bankers contends that JMJ failed to state a legal claim that would allow the avoidance of the mortgage. Bankers make two arguments. First, Bankers argues that JMJ has no legal or equitable title to the property and, as such, JMJ cannot avoid the mortgage that was recorded in Marion County as a fraudulent or preferential transfer. Second, Bankers argues that the belatedly recorded mortgage is not avoidable pursuant to Section 544 of the Bankruptcy Code because JMJ had no ability to assert a claim as a subsequent bona fide purchaser without notice.

*Property of the Bankruptcy Estate.* Property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held." Bankruptcy Code Section 541(a)(1)[1]. However, "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." Bankruptcy Code Section 541(d).

 As of the commencement of this case, JMJ held no equitable interest in the property. By JMJ's own admission, the property was sold to Hill approximately 14 months prior to the JMJ's bankruptcy (Doc No. 7). JMJ was paid in full for the

sale. Further, between JMJ and Hill, or anyone claiming an interest through her, JMJ did not have valid legal title to the property. "Recording has no particular efficacy as between seller and purchaser or grantee and grantor since the purpose of recording statutes is to give notice to third persons of the status of title and related factors." *Hensel v. Aurilio,* 417 So.2d 1035, 1037 (Fla. 4th DCA 1982), citing, *Moyer v. Clark,* 72 So.2d 905 (Fla.1954) and *Fong v. Batton,* 214 So.2d 649 (Fla. 3d DCA 1968). The purpose of the recording statutes is to protect rights of subsequent bona fide purchasers of property and creditors of landowners rather than the parties named in the unrecorded deed. *Black v. Skinner Mfg. Co.,* 53 Fla. 1090, 43 So. 919, 920 (1907). In *Black,* the failure of the grantee to record the deed in the county where the land was located did not affect the grantee's title or the title of the third parties claiming through the grantee as against the grantor. *Id.*

 In this adversary proceeding, JMJ was the grantor and Hill the grantee. The failure of the closing agent to record the deed transferring title does not affect the validity of Hill's legal title to the property or Bankers' secured interest arising under that title, at least as against JMJ. JMJ had long ago sold any equitable or legal interest in the property well prior to the date Bankers properly recorded the mortgage on January 13, 1998.

 In Count I and III of the amended complaint, JMJ asserts Bankers completed a fraudulent or preferential transfer when the mortgage was recorded pursuant to Sections 547 and 548 of the Bankruptcy Code. Both sections require that any avoidable transfer must involve "an interest of the debtor in property." Section 547(b); Section 548(a)(1). On the date the mortgage was recorded in Marion County, JMJ had no legal or equitable interest in

---

1. Unless stated otherwise, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

the property and had not held any such interest since November 30, 1996. As such, JMJ's bankruptcy estate lost nothing when Bankers corrected the error of the closing agent. Bankers took no act to transfer an interest of JMJ in the property. Therefore, as a matter of law, JMJ has failed to state a claim upon which relief can be granted under Section 547 or 548 of the Bankruptcy Code as alleged in Counts I and III of the amended complaint.

■ *Mortgage is not Avoidable under Section 544.* In Count II of the amended complaint, JMJ similarly seeks to invalidate the transfer that occurred when Bankers recorded the mortgage in Marion County. JMJ alleges it received less than reasonably equivalent value when the mortgage was recorded relying on Section 544 of the Bankruptcy Code and Chapter 726 of the Florida Statutes.

■ Section 544(a)(3) of the Bankruptcy Code allows a debtor in possession [2], such as JMJ, to exercise the rights of a hypothetical subsequent bona fide purchaser of the property from the debtor on the date the bankruptcy case was filed. *See, In re Michigan Lithographing Co.,* 997 F.2d 1158, 1159 (6th Cir.1993). State law, in turn, determines who may qualify to act as a bona fide purchaser. *Id.* citing *McCannon v. Marston,* 679 F.2d 13, 15–17 (3d Cir.1982); *In re Davidson Rehabilitation Assoc.,* 103 B.R. 440, 443 (Bankr.S.D.N.Y. 1989); *In re Perrin's Marine Sales, Inc.,* 63 B.R. 4, 5 (Bankr.W.D.Mich.1985). If a debtor sold property and the buyer failed to record the transfer, a later debtor in possession or trustee can deny knowledge of a previous sale but cannot deny what a subsequent bona fide purchaser would have *known at the time of commencement* of the bankruptcy case. *See, In re Weisman,* 5 F.3d 417 (9th Cir.1993); *McLean v. City of Philadelphia, Water Revenue Bureau,* 891 F.2d 474 (3rd Cir.1989); *In re*

*Nemacolin,* 105 B.R. 6 (Bankr.W.D.Pa. 1989).

■ Any subsequent bona fide purchaser in this case would have had knowledge of Bankers' mortgage recorded in Marion County on the day this case was filed. In Florida, a subsequent purchaser is deemed to have bought property without record notice, unless the transfer document was recorded in the public records. Florida's recording act provides in pertinent part:

> No conveyance, transfer, or mortgage of real property, or of any interest therein ... shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law ...

Fla. Stat. § 695.01(1). In order for a debtor in possession to claim the status of a subsequent bona fide purchaser, there must have been at least the possibility that such a person existed at the time the bankruptcy case was commenced.

On the date JMJ filed this Chapter 11 case, February 4, 1998, Bankers already had recorded the assignment of mortgage, the lis pendens, and the mortgage itself in the chain of title in Marion County. Therefore, no subsequent bona fide purchaser for value without notice could have existed, even hypothetically, as required by Sections 544(1), (2), and (3). Actual record notice prevented any prospective purchaser from claiming lack of knowledge of Bankers' mortgage and claim to the property.

Without the existence of a hypothetical bona fide purchaser, JMJ, as a debtor in possession, has no shoes to fill. Section 544's avoiding powers provide no assistance. JMJ has failed to state a claim under Section 544 of the Bankruptcy Code that would allow JMJ to avoid Bankers' mortgage.

---

**2.** A debtor in possession is given all the rights, powers and duties of a trustee, including the

right to assert claims under Section 544, in Section 1107(a) of the Bankruptcy Code.

*Conclusion.* JMJ cannot avoid the mortgage belatedly recorded by Bankers in Marion County as a fraudulent or preferential transfer because at the time the mortgage was recorded JMJ had no legal or equitable interest in the property encumbered by the mortgage. Further, JMJ cannot use the strong-arm powers of a hypothetical subsequent bona fide purchaser because actual notice given in the public records of Marion County precluded the existence of any such person under Section 544 of the Bankruptcy Code. JMJ failed to state any claim upon which relief can be granted against Bankers in this adversary proceeding. The Motion is granted. Counts I, II, and III of the amended complaint are dismissed. The only remaining count, Count IV, is asserted against Hill, who did not join in the Motion. A pretrial conference on Count IV shall be scheduled. A separate order consistent with this ruling shall be entered.