MAYO v. MAXWELL.
Opinion delivered October 6, 1919.

1. COVENANT OF WARRANTY—BREACH—OUTSTANDING ENCUMBRANCE— DISCHARGE BY COVENANTEE.—Where the covenantee buys in an outstanding encumbrance to protect his estate, he is entitled to recover the sum expended in so doing from the covenantor, provided such sum does not exceed the amount paid to the warrantor for the property, with legal interest on such sum from the date of the extinguishment of such encumbrance.

2. SAME—SAME—SAME—LIABILITY OF COVENANTOR—RECOVERY BY COVENANTEE—ATTORNEY'S FEES.—In a cause covered by the above statement of law, where the covenantor raised no issue as to the validity of the claim against the premises deeded to the covenantee, and the covenantee recovered from him the amount necessary to discharge the indebtedness, the covenantee can not recover attorney's fees from the covenantor.

Appeal from Crittenden Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*Lamb & Frierson,* for appellants.

1. The old common law rule of warranty, that in order to satisfy an encumbrance the covenantor convey to the covenantee either the lands contracted for with a good title or lands of equal value has been changed and the measure of damages now prevailing is the purchase

---

* (NOTE)—See *Kansas City Sou. Ry. Co. v. McCrossen,* p. 68.— (Reporter).

money paid with interest or the value of the land at the
time of the conveyance as estimated by the purchase
price. 15 C. J., p. 1318, § 223; 7 R. C. L. 1167; 1 Ark.
313; 59 *Id.* 195; 54 *Id.* 195.

2. Where the breach of warranty is on account of
an outstanding encumbrance, the measure of damages is
the amount required to get rid of the encumbrance, not
exceeding the amount paid the covenantor. 52 Ark. 322;
59 *Id.* 629. Where the breach results substantially in
failure of the title, the measure of damages is the con-
sideration money, interest and costs. 15 C. J. 1328; 59
Ark. 195; 7 R. C. L. 1200; 15 C. J. 1336; 54 Ark. 195.

2. When the purchase price has been paid to the
covenantee with interest the covenant is discharged and
satisfied. Cases *supra.* Moore & Maxwell were only
entitled to satisfaction of their damages on account of
the breach of warranty. The enhanced value of the land
can not be taken into consideration. Cases *supra.*

3. Counsel fees are not recoverable. 15 C. J. 1333-4.

4. When we treat the deed of trust to Ball & Co. as
constituting a total failure of title to forty acres, we have
given it the strongest possible construction in Moore &
Maxwell's favor. The full purchase money with inter-
est was the full measure of their damages, and this was
tendered them by Ball & Company, and Mayo & Robin-
son conceded they were entitled to the amount of tender,
and therefore the breach of covenant was entirely satis-
fied and discharged and Moore & Maxwell have no right
to demand in addition thereto enough money to pay off
the Ball & Company deed of trust. The cross-complaint
of Moore & Maxwell should be dismissed for want of
equity. The result of the enhancement in value should
not in equity be laid upon the shoulders of Mayo & Rob-
inson, the warrantors. They should not be penalized for
the enhancement in value of this tract of land which has
arisen from causes affecting the country at large and
possibly in part from improvements added by Moore &
Maxwell. If, instead of an encumbrance, the claim of
Ball & Company had been an outstanding deed, and on

account of the enhancement in value Moore & Maxwell had desired to retain the land, they would have been compelled to pay whatever amount it cost exceeding the purchase price and interest. The same rule should be applied to an encumbrance which is treated as a failure of title. Cases *supra*.

*W. R. Satterfield*, for appellees.

1. The sole questions here are whether or not appellants are liable on the warranty clause in their deed to appellees for the money paid by appellees to Ball & Company, and, if so, are appellants liable for attorneys' fees? Ball & Company are entitled to redeem. This is conceded. 85 S. W. 32; 74 Ark. 138; 84 *Id.* 541, 106 S. W. 682. The general rule is stated in 36 L. R. A. (N. S.) 427, note. Also 54 Ark. 273, 15 S. W. 886; see 27 C. J. 1797, citing 37 Ark. 632.

It is therefore clear that the forty acres were subject to an encumbrance of Ball & Company for $1,596.75 at the time appellants conveyed to appellees, and that appellees are protected by the warranty clause from harm from Ball & Company, and plaintiff is entitled to recover the amount he fairly and reasonably paid to remove the encumbrance not exceeding the amount paid by the covenantor. 15 C. J. 1327; 52 Ark. 322; 12 S. W. 702; 6 L. R. A. 107.

2. The general rule for the measure of damages in case of failure of title to a portion of the land conveyed is that the vendee can only recover such part of the original purchase price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the *value* of the whole premises, such relative values to be ascertained as of the time of the conveyance instead of at the time of the trial. 15 C. J. 1321; 106 Ark. 256; 153 S. W. 101.

3. Attorneys' fees should be allowed. 106 Ark. 256; 153 S. W. 101.

4. The decree should be affirmed for the amount paid by appellees to protect their title and reasonable attorneys fees should be allowed on their cross-appeal. *Supra.*

SMITH, J.   Mayo & Robinson, hereinafter referred to as appellants, owned a six hundred acre tract of land in Crittenden County, Arkansas, which they sold to Moore & Maxwell, hereinafter referred to as appellees, for the sum of twenty-five thousand dollars, and conveyed the same by warranty deed.   The deed contained general covenants of warranty, both of seisin and against encumbrances.   Prior to this sale appellants had sold forty acres of the tract to one Neal and by way of security therefor reserved in the deed to Neal a vendor's lien. Neal entered upon the land and began to clear and cultivate it and in doing so became indebted to W. M. Ball & Company in the sum of $1,590, to secure the payment of which Neal gave Ball & Company a mortgage on the land. Neal defaulted in the payment of the purchase money and appellants brought suit to enforce their vendor's lien, and became the purchasers, at the sale by the commissioner appointed to enforce the decree of foreclosure, for the sum of $1,950.   This sale was approved and they obtained the commissioner's deed prior to their sale to appellees.

Ball & Company were not made parties to this foreclosure proceeding, and after its conclusion they tendered to appellants and appellees the sum for which the land had been sold at the foreclosure sale, but the tender was refused.   Thereupon this suit to redeem was brought by Ball & Company, against both appellants and appellees, and appellees called upon appellants to defend the title under the covenants of warranty.   Appellants filed an answer in which the right of redemption was confessed and prayed that the sum of $1,950, which was tendered into court, be accepted and paid over to appellees in satisfaction of appellant's liability under the covenants of warranty.   Appellees denied the right of redemption and filed a cross-bill against appellants in which they alleged that if the right of redemption was decreed in favor of Ball & Company, their title would have failed to that extent, and they prayed that they be allowed to pay Ball & Company the sum due under the mortgage

and thereby discharge that encumbrance, and that they have judgment against appellants for the sum necessary to discharge that lien, together with the expense of defending the title, including a reasonable attorney's fee.

The court found that the value of the land at the time of the decree was $5,000 and that the purchase price paid by appellees to appellants was $41.66 per acre or $1,666.40 and that appellants were liable to appellees in the sum of $1,596.75 under their covenants of warranty; but that appellees were not entitled to recover attorney's fees. The mortgage executed by Neal to Ball & Company was satisfied and canceled upon the exhibition of a receipt from Ball & Company for $1,596.75, the balance then due to Ball & Company, and a decree for that amount was rendered against appellants, and this appeal has been duly prosecuted by appellants from that finding and judgment; and appellees have perfected a cross-appeal from the refusal of the court to allow them their attorney's fees.

It was shown that when appellees purchased the property there was only one house on the land and only twenty-five or thirty acres in cultivation. That appellees built three houses and cleared the remainder of the land, and these improvements, together with the general enhancement in values, raised the value of the land to $5,000.

Appellants state their own contention as follows: "Moore & Maxwell paid Mayo & Robinson approximately $1,666 for the land. W. M. Ball & Company tendered to Moore & Maxwell $1,950, nearly $300 more than the purchase price and interest. Mayo & Robinson conceded this entire sum to Moore & Maxwell and only asked that it be treated as a satisfaction of the warranty of title. In so doing they gave to the existence of the encumbrance its strongest value as a breach of their warranty, *i. e.,* they treated it as a complete and total failure of title."

Appellees show, however, that if they had accepted the tender made by Ball & Company in satisfaction of appellant's liability under their covenants of warranty

they would have received $1,950 in money and would have surrendered a tract of land worth $5,000, and they say they had the right to treat the mortgage to Ball & Company as an encumbrance against the land and to discharge the same by paying the debt it secured, as the sum so paid did not exceed the purchase money paid the covenantors (appellants) for the land.

(1)   In the case of *Collier* v. *Cowger*, 52 Ark. 322, this court said:   "Where the covenantee buys in the outstanding encumbrance to protect his estate, he is entitled to recover the sum expended in so doing, provided such sum does not exceed the amount paid to the warrantor for the property, with the legal interest on such sum from the date of the extinguishment of such encumbrance.   *Boyd* v. *Whitfield*, 19 Ark. 447; Rawle, Cov. Tit., § § 143-6."

Other cases which state this right to recover and announce the measure of the recovery are: *Brawley* v. *Copelin*, 106 Ark. 256; *Scroggin* v. *Hudgins*, 78 Ark. 531; *Dillahunty* v. *Railway*, 59 Ark. 629; *Alexander* v. *Bridgford*, 59 Ark. 195; *Barnett v. Hughey*, 54 Ark. 195.

Appellants have much to say about this litigation having arisen out of the fact that the land has enhanced in value, and they contend that their liability should not be enhanced on that account.   And so it should not.   But neither should it be diminished on that account.   Had there been no enhancement, appellees would have repaid the purchase money and interest or, preferably, would have discharged the mortgage, as the debt secured by it was less than the purchase money.   Can it be equity that appellees, after giving to the land its enhanced value, shall be made to lose the legal right on that account of having appellants remove the encumbrance with their own funds?   Shall appellants be relieved of a well-established and admitted legal liability because appellees have enhanced the value of the land to such an extent that it would have been profitable to Ball & Company to redeem from the foreclosure sale and obtain a five thousand dollar farm for the $1,950 tendered?

The real question in the case is, to whose benefit does the enhanced value inure? Can appellants say to appellees that they are discharged from a liability which would otherwise exist because appellees have so far enhanced the value of the land that Ball & Company could with profit redeem the land? Is it not fairer to say to appellants that they are liable under their covenant for so much of the purchase money received by them as is necessary to extinguish the Ball & Company mortgage and that they shall not be permitted to discharge this liability by appropriating to themselves or by taking from appellees the enhanced value resulting from appellees' improvements? For such, in effect, is the result of their contention.

Of course, these questions might have been avoided had Ball & Company been made parties to the foreclosure proceeding. But appellants are responsible for this failure. They conveyed the title to Neal and reacquired it by the foreclosure proceeding—but when they did so it was subject to the encumbrance of Ball & Company's mortgage, and their attitude is that of any other grantor who conveys land against which there is at the time an outstanding encumbrance. It would be neither equity nor good conscience to permit such a grantor to discharge a legal and fixed liability arising out of the payment of a mortgage encumbrance, against which he had covenanted, by compelling his grantee, who had given to the land conveyed an enhancement greater than the purchase price, to lose the land thus enhanced or suffer the penalty of absolving his grantor from liability under the covenant of warranty.

We conclude, therefore, that the court properly treated this mortgage as an encumbrance which could be —and which was—removed by a payment less than the purchase price of the land and decreed that appellants should discharge that liability with their own funds.

(2) The majority of the court are of the opinion, however, that the court properly disallowed appellees' claim for attorneys' fees for the reason that there was no issue

about the mortgage of Ball & Company, constituting an encumbrance. (The writer is of the opinion, however, that the claim for attorneys' fees should have been allowed). All the parties conceded that fact and the right of Ball & Company to redeem from the foreclosure sale was not the subject-matter of the litigation and no question was litigated or decided as against Ball & Company, and the decree of the court below disallowing the attorneys' fee is also affirmed.