## Wiedeman v. Brown et al.

April 23, 1948.

M. Don Forman for appellant.

Fowler & Fowler and Paul L. Brown for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This action was brought by appellant to recover damages for a deficiency in the amount of land purportedly conveyed to him by appellees. The Chancellor found the shortage to be 3.162 acres, the value $275 per acre, and gave appellant judgment for $869.55. The appeal is on the ground that the land had a value of $500 per acre. Appellees cross-appeal, insisting no recovery at all should have been allowed.

On May 22, 1943, appellees conveyed to appellant a small farm near Lexington, which was thought by both parties to contain some small fraction over 30 acres. The farm consisted of three tracts, the principal one containing, according to the deed, 29.961 acres. Sometime after this conveyance, appellant had the land surveyed and discovered for the first time that the principal tract contained only a little over 26½ acres. The surveyor who had examined the property prior to its purchase by appellees re-surveyed it and admitted that there had been an error in calculations, and that a shortage of over three acres existed. While there is some small difference of opinion as to the discrepancy, the proof amply supports the Chancellor's finding that the actual shortage was 3.162 acres. Though appellees contend that appellants are not entitled to any damages, the real controversy concerns the measure of damage; i. e., the fair value of the land which appellant thought he was buying but did not receive.

Both parties acted in perfectly good faith. Appellees thought they owned something over 30 acres, and appellant thought he was buying such a tract. There is some evidence that all of the boundaries of the farm could be plainly seen from a central point, but we do not believe this fact alone should deprive appellant of his right to recover for the shortage. It is well settled in this state that a vendee of land may recover for a

shortage in acreage regardless of whether the sale is in gross or by the acre, if the deficiency equals or is in excess of 10 percent of the quantity purportedly sold. See Hunter v. Keightley et al., 184 Ky. 835, 213 S. W. 201, and Wigginton v. Holbrook, 193 Ky. 805, 237 S. W. 1063. Insofar as appellant's right to recover is concerned, it is immaterial whether or not this property was bought or sold by the acre.

It is, however, appellant's contention that he did buy by the acre; that he offered and paid for the property $500 per acre; and that he is entitled to recover on that basis for the amount of the shortage. We are not inclined to agree with appellant's contention. The negotiations between the parties prior to the sale show that appellees put the *farm* on the market at $16,000. Their real estate agent received an offer from appellant of $15,000 for the *farm*. Thereafter appellant raised his bid $500, and appellees met this offer. It is true that appellant roughly estimated his offer at $500 per acre, but he was not buying the property on that basis. It is unnecessary to examine the ingenious reasoning by which appellant contends he paid to the last penny exactly $500 per acre for what he thought was 30.717 acres. It is enough to say that he was buying the farm.

Appellant did, as a matter of mathematics, pay *approximately* $500 an acre for the 30 plus acres which he thought he was buying. However, it is shown by the evidence that there were improvements on the property having a value estimated from $4,000 to $8,500. There is no proof the shortage affects or detracts from the worth of these improvements. In determining the amount of recovery, the Chancellor adopted the average value of the land *without the improvements*. On the basis of the purchase price, he found this to be $275 per acre. In our opinion this finding is amply supported by the facts, the law, and the equities of the case.

The objective is to determine the fair value of the three plus acres of land which appellant thought he was buying but were not actually conveyed. Ordinarily the value of improvements is merged in the value of the land. What land? Clearly the land affected by, and enhanced by, the improvements. Where a small portion of a substantial tract is separable from the part en-

hanced by valuable improvements, the total value of the whole cannot fairly be apportioned to the last square inch.

Suppose a person buys a 2 acre tract of land on which there is an industrial plant valued at $900,000. The purchaser pays $1,000,000 for the property. It is later discovered that the vendor only owned one acre of ground on which the plant is located. Could we say that in a suit to recover damages for the shortage, being one-half the land, the purchaser would be entitled to recover $500,000, or one-half the purchase price?

Take another example. Assume in this case there was a shortage of 21 acres outside the improved portion of the property. Adopting appellant's theory, he would be entitled to a refund of $10,500, if the changed circumstances would not justify rescission. He would then have purchased for $5,000 improvements which he himself estimates of the value of $5,000, and he would get 9 acres of land for nothing. This is a rather extreme example, but we think it demonstrates that every acre of a farm is not necessarily enhanced proportionately by the value of improvements on other parts of the land.

Our conclusion is amply supported by the following cases: Patton v. Schneider, etc., 139 Ky. 643, 66 S. W. 1003, 23 Ky. Law Rep. 2190; Lichtenthaler v. Clow, 109 Ore. 381, 220 P. 567; Hoback v. Kilgores, 26 Gratt, Va., 442, 21 Am. Rep. 317.

In view of the fact that the parties were acting in good faith; that appellant was purchasing a farm with improvements; that the shortage did not affect the value of the improvements; that appellant still has substantially what he purchased, we believe the Chancellor properly found the lost acres had a fair and reasonable value of $275 per acre.

The judgment being in all respects correct, it is affirmed on the original and cross-appeal.