UPSHAW *v.* WILSON.

5-55                                    257 S. W. 2d 279

Opinion delivered April 27, 1953.

*Neill C. Marsh, Jr.,* for appellant.

*Thomas Compere* and *DuVal L. Purkins,* for appellee.

GEORGE ROSE SMITH, J. This is a bill in equity filed by the appellee to quiet his title to an undivided interest in an eighty-acre tract, to cancel certain deeds as clouds on the title, to require an accounting for timber wrongfully sold, and to obtain a sale of the land and a division of the proceeds according to the respective interests of the parties. The chancellor, finding that the appellee owns an undivided eight-elevenths interest in the land and that the appellant owns the other three-elevenths, quieted their title in that proportion, subject to a mort-

gage held by the Federal Land Bank, and granted the other relief sought by the plaintiff.

It is first contended by the appellant that he has acquired title to the entire tract by adverse possession. The chancellor was right in rejecting this contention. The proof is that this land was owned by the appellant's mother, Fannie Upshaw, at her death intestate in 1934. Mrs. Upshaw was survived by her husband, E. D. Upshaw, by ten living children, and by the descendants of an eleventh child who had predeceased Mrs. Upshaw. In 1937 eight of the children conveyed their eight-elevenths interest to E. D. Upshaw, who in turn conveyed to the Farmers Bank & Trust Company, and that interest is now owned by the appellee Wilson.

After deeding the land to the bank E. D. Upshaw remained in possession until the spring of 1946. It is familiar law that a grantor's continued possession after his conveyance is presumed to be permissive rather than adverse, and here there is ample evidence that E. D. Upshaw's retention of possession was in fact permissive. Upshaw made his tax and mortgage payments through the bank, settled his accounts with the bank annually, and does not appear to have in any way asserted a claim hostile to the bank's title. In 1945 the appellant obtained deeds from the other heirs of Fannie Upshaw, but he did not go into possession until the spring of 1946. Thus his possession, even if adverse, had not continued for the necessary seven years when this suit was filed in 1951.

In two respects the appellant questions the sufficiency of the acknowledgments to the deed by which eight of his brothers and sisters conveyed to their father in 1937. First, it is said that Garland Upshaw, one of the grantors, is not shown to have appeared before the notary who took his acknowledgment. The recorded deed recites Garland's appearance, however, and in his testimony the notary did not mention Garland's name nor state affirmatively that this grantor did not acknowledge the execution of the instrument. It follows that the *prima facie* verity of the public record has not been

overcome. *Straughan* v. *Bennett,* 153 Ark. 254, 240 S. W. 30. Second, the certificate of Eliza Upshaw's acknowledgment does not recite that she was examined in the absence of her husband. The transaction took place, however, on September 20, 1937, which was after the effective date of the statute dispensing with the necessity of a married woman's separate examination. Act 44 of 1937; Ark. Stats. 1947, § 49-201.

Complaint is made that the appellant was not given sufficient notice that the deposition of F. N. Pugh was to be taken by the plaintiff. The purpose of the notice is to enable the adverse party to be present, and here it appears that the appellant's attorney attended the taking of the deposition and freely exercised his right of cross-examination. Nor is it shown that any protest was made until the testimony was offered in evidence. We are unable to see how the appellant can be said to have been prejudiced by the fact that the deposition was taken upon fairly short notice.

It is finally insisted that the appellant was not given credit in the decree for all the tax and mortgage payments that he made between 1945 and 1952. The appellant, having failed to offer proof of the amount of his tax payments, asks that the cause be remanded for that purpose; but in the absence of special circumstances it is not our practice to prolong litigation by affording an opportunity for the taking of proof that should have been introduced before the parties rested their case. As to the mortgage payments, the chancellor found that the appellant had paid $277.57 to the Federal Land Bank. Inasmuch as the mortgage included 120 acres in addition to the 80 acres now in controversy, the chancellor charged the appellee with eight-elevenths of two-fifths of the total payments, being $80.74. The figure $277.57 seems to be the result of a miscalculation, as the records of the Land Bank show that the appellant's payments came to $430.97; and by the formula used below $125.37 should be charged to the appellee. The decree, with this slight modification, is affirmed, the appellee to recover his costs in this court.