EDWARDS *v.* JOHNSON.

5-1161                                    298 S. W. 2d 336

Opinion delivered February 11, 1957.

*Don Steel* and *Shaver, Tackett, Jones & Lowe,* for appellant.

*C. E. Blackburn,* for appellee.

GEORGE ROSE SMITH, J. In 1951 the three appellees sold to the appellants, W. B. Edwards and his wife, certain lots and blocks in the city of Nashville, a vendor's lien being retained to secure the unpaid balance of the purchase price. Upon the buyers' failure to make the last two payments, totaling $1,000, this suit was brought by the sellers for the foreclosure of their lien. By answer and cross-complaint the defendants sought damages on the ground that the sellers had misrepresented the quantity of land being sold. The chancellor found the proof insufficient to establish the charge of fraud and accordingly entered a decree for the plaintiffs.

One of the three appellees, James P. Johnson, and their real estate agent, Oscar J. Pate, acted for the sellers in making the sale. Pate had attempted to sell the tract for a former owner and was under the impression that it comprised thirteen acres. It is clear enough that he so described the land to Edwards, although the tract

actually contains only about four acres. We are not convinced that Johnson himself misrepresented the acreage, but of course the sellers are responsible for misstatements on the part of their agent.

After examining the land Edwards agreed to pay $3,400 for it. He made a down payment of $400 on August 4 and moved into the house on the tract three days later. The deed had to be sent away for a grantor's signature and was not delivered until six or eight weeks later. Edwards says that he then complained of the deficiency in acreage and was assured by Johnson that the matter would be corrected. He indicates that he relied upon similar assurances in paying the first installment of $2,000 upon the purchase money debt. Johnson insists that he merely promised to verify the fact that the deed described all the land that the sellers owned and meant to convey. Both Edwards and Johnson seem to have testified with candor; their controversy is really due to Pate's misunderstanding of the true acreage.

In trying the case *de novo* we find two obstacles in the way of the appellants' insistence that they are entitled to a reversal. First, we cannot say with confidence that Edwards' reliance upon Pate's misrepresentation has been established by the weight of the evidence. Edwards makes the statement that he did not discover the deficiency until the deed was delivered some weeks after the sale was concluded, but elsewhere in his testimony he concedes that before making the initial payment on August 4 he knew there weren't thirteen acres in the tract. The latter view is pretty well confirmed by the fact that Edwards looked at the land before buying it. As an experienced farmer he doubtless knew the difference between four acres and thirteen acres. Although Edwards denies having seen all the boundaries during his inspection, his witness Pate testified that the trip was made so that Johnson could point out the boundaries, which Johnson says he did. When the purchaser learns of the shortage before entering into the sale and knows how much land he is buying, he no longer has a legal right to rely upon the seller's misrepresentations. *Gilbertson* v. *Clark,* 175 Ark. 1118, 1 S. W. 2d 823.

Second, even if it could be said that a cause of action has been shown to exist, the requisite proof of the appellants' loss is lacking. More is involved than a simple computation of the proportionate damage resulting from a deficiency of nine acres. The dwelling house upon this small parcel of ground unquestionably enhanced its value. There is nothing to indicate that the parties dealt in terms of a fixed price per acre without reference to the improvements. In these circumstances the purchaser's loss is equitably determined by first deducting the value of the improvements from the purchase price and then calculating the damage attributable to the shortage of acreage. Sutherland on Damages (4th Ed.), § 590; *Lichtenthaler* v. *Clow,* 109 Ore. 381, 220 P. 567. Here the only testimony touching upon values is Edwards' bare statement that the property was hardly worth half what he paid for it. There is no basis for a determination of the extent to which the purchasers may have been hurt by the deficiency in quantity. It is suggested that the cause be remanded for additional proof, but the record discloses no circumstances justifying a piecemeal trial of the issues. *Upshaw* v. *Wilson,* 222 Ark. 78, 257 S. W. 2d 279.

Affirmed.