322 So.2d 585 (1975)
HILLSBORO COVE, INC., Appellant,
v.
G. Hughes ARCHIBALD, Jr., et al., Appellees.
No. 74-137.
District Court of Appeal of Florida, Fourth District.
November 21, 1975.
Robert E. Ziegler and Charles G. Brackins, of Rogers, Morris & Ziegler, Fort Lauderdale, for appellant.
Curtin R. Coleman and William F. Leonard of Coleman, Leonard, Morrison & Riddle, Fort Lauderdale; Miller, Zachman & Balasso, P.A., Pompano Beach; and Frank E. Maloney, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees, Archibalds and Lawyers' Title Guaranty Fund.
*586 WOODSON, J. WILLIAM, Associate Judge.
In 1962, appellee Archibald conveyed Parcel B of real property to Louis Weinstock. In 1967, Archibald then conveyed adjacent Parcel A to appellant. However, in 1970 it was discovered that Weinstock was the actual owner of a 30-foot strip of property which was conveyed as a part of Parcel A. Parcel A was insured by a title policy issued by appellee, Lawyers' Title Guaranty Fund. Prior to 1970 Parcel A had been dedicated to condominium use and appellant planned to construct a part of the condominium on the 30-foot strip. In order to secure title to the 30-foot strip of property, appellant expended $49,850.61 plus a surveying fee of $3,385.00. The trial court awarded appellant $6,011.88 damages representing the proportionate cost of the 30-foot strip as of the date of conveyance (1967). The defendant, Lawyers' Title Guaranty Fund, issued a title insurance policy on Parcel A and was joined for breach of title insurance policy.
Appellant contends that the trial judge errred in not compensating appellant for his actual loss in curing the breach of the covenant of seizin. We follow the rule in Burton v. Price, 105 Fla. 544, 141 So. 728 (1932): "The measure of damages is such fractional part of the whole consideration paid as the value at the time of the purchase of the part to which the title failed bears to the whole block purchased, with interest thereon during the time the [appellant] has been deprived of the use of that part to which he could not acquire possession."
Williams v. Azar, 47 So.2d 624 (Fla. 1950) cites 21 C.J.S. Covenants § 142(5)(b), at 1014 (1940), citing Mayo & Robinson v. Maxwell & Moore, 140 Ark. 84, 215 S.W. 678 (1919), which stands for the proposition that the grantor should pay the costs of clearing title not to exceed the original proportionate value of the land at the time it was sold. However, we agree that the proportionate value of the strip, not the proportionate area, is the test. The trial court as the trier of fact could find from the evidence that the 30-foot strip of property was not of any greater value per square foot than the major piece.
As to the damages sought against the appellee, Lawyers' Title Guaranty Fund, the trial court correctly applied the limitations imposed in Paragraph 6 of the policy of title insurance:
"In case of any loss to the owner by reason of a defect ... affecting only a part of the guaranteed property, the measure of damages ... shall not be a greater fractional part of the declared value of the property as stated in this guarantee than the proportion which the property affected by said defect... bears in value to the entire property covered by this guarantee."
The various other points raised by appellant and by appellees on cross-assignment of error neither demonstrate error nor require discussion.
Affirmed.
CROSS and OWEN, JJ., concur.