GRIMES, Judge.
This is an appeal from an order granting a new trial in a negligence action.
Mr. and Mrs. Jorda sued the City of Tampa for injuries suffered by Mrs. Jorda when she fell as a result of stepping on a city water meter box located in her front yard. The jury found the Jordas’ damages to be $10,000 but concluded that Mrs. Jorda was 95% negligent and that the city was only 5% negligent. The court entered an order granting a new trial, and the city appeals.
The city first argues that the court should have granted its motion for a directed verdict because of a total absence of evidence of negligence on the part of the city.[1] While the point was close, we believe that the evidence concerning the city’s failure to properly maintain its meter box was sufficient to present a jury issue.
In reviewing an order for new trial, the appellate court must look to the reasons articulated by the court below. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). Here, the trial judge granted a new trial upon the ground that it had erred in submitting the issue of Mrs. Jorda’s negligence to the jury.[2]
According to Mrs. Jorda, the meter box gave way when she stepped on its lid, causing her to fall. After the accident it was determined that some of the sand beneath the meter box had fallen away so as to allow the box to become tilted. Mrs. Jorda gave no testimony concerning the position of the meter box before her fall or whether she even saw it before stepping on it. Among other points upon which she was impeached, she acknowledged having testified at her deposition that she was looking at her mail as she walked across the yard. For what it was worth, the city also brought out that Mrs. Jorda had admitted to drinking a beer a short time before the accident occurred. Viewing the evidence as a whole, we believe that the court properly submitted the negligence of both parties to the jury.
We reverse the order granting a new trial and remand with directions to enter judgment according to the jury verdict.
HOBSON, A.C.j!, and SCHEB, J., concur.

. Even though the city is appealing from an order granting a new trial, it is entitled to make this argument pursuant to the authority of Bowen v. Willard, 340 So.2d 110 (Fla.1976). See committee notes pertaining to the 1977 revision of Florida Rule of Appellate Procedure 9.110.

. Contrary to Purvis v. Inter-County Telephone & Telegraph Co., 173 So.2d 679 (Fla.1965), the court apparently granted a new trial on damages as well as liability even though the only reason given for granting a new trial was a purported judicial error on a liability issue. However, in view of our disposition of the case, we need not pursue this point.