706 So.2d 1377 (1998)
The ST. PETERSBURG HOUSING AUTHORITY, Appellant,
v.
J.R. DEVELOPMENT, a Florida General Partnership, James McFrederick and Robert Garner, Appellees.
No. 97-00176.
District Court of Appeal of Florida, Second District.
February 27, 1998.
Charles A. Carlson of Barnett, Bolt, Kirkwood & Long, Tampa, for Appellant.
Frank H. Kilgore, Jr. and T. Grey Squires of Kilgore Pearlman, Orlando, for Appellees.
CAMPBELL, Acting Chief Judge.
Appellant, the St. Petersburg Housing Authority, challenges the trial court order that granted rehearing on the issue of damages. We agree with appellant that this was error. This procedure improperly allows appellee a "second bite at the apple" at proving damages, an element of proof that should have been proven at trial. We reverse.
In this breach of contract action, the court found that appellant was at fault, leaving damages as the only remaining issue. The parties had stipulated pretrial that "Plaintiffs will introduce evidence of damages as to either Plaintiffs' lost investment into the project or the lost income stream from the contract, but not both." As to the lost income theory, the court held that appellee failed to present "any evidence" of the expenses to operate and maintain the property and to comply with the contract. As to the lost investment theory, the court found that while appellee had presented evidence of lost value of the fee simple, since appellee held only a leasehold, damages had not been shown. The court ordered a rehearing on the issue of damages because of these "deficiencies" in appellee's proof.
*1378 We note first that, prior to trial, this case had been pending for approximately ten years. During that time, appellee consciously elected to proceed upon, and appellant relied upon, what was ultimately determined to be an invalid theory of damages. Appellant evaluated the case for strategic purposes on the basis that appellee claimed over $4 million in damages based on that invalid theory. Damages proof was brought out in discovery before trial, and appellant relied upon this proof.
The issue here is whether the trial court was acting under an erroneous legal assumption when it granted rehearing, not whether the court correctly evaluated the facts adduced. As such, no deference is afforded the trial court. This is solely a matter of law. See Cloud v. Fallis, 110 So.2d 669 (Fla.1959).
We conclude that the court was acting under an erroneous legal assumption because a party's failure to prove damages is not a proper ground for rehearing. First, a rehearing is to be granted in order to correct errors in the first decision. See Ferris v. Ferris, 417 So.2d 1066,1067-1068 (Fla. 4th DCA 1982). There were no errors here. There was only an absence of proof or, as the court stated, there were "deficiencies" in the proof. Rehearing is not intended as a device to present additional evidence that was available, although not presented, at the original trial. See Cole v. Cole, 130 So.2d 126 (Fla. 1st DCA 1961).
Moreover, the law presumes that litigants who have concluded a trial on the merits have presented all available, competent, material evidence in support of their case. See Apalachicola Northern R. Co. v. Tyus, 114 So.2d 33, 38-39 (Fla. 1st DCA 1959), quashed on other grounds, 130 So.2d 580 (Fla.1961). Once the parties rested here, in the absence of legal or factual error or newly-discovered evidence, the case was concluded, and the parties had a right to rely on that fact, especially given the lengthy pendency of the action. Since there was no error to correct, the trial was completed and the parties had rested. While this was not a jury trial, that fact does not affect our determination as to finality.
We conclude that the court improperly granted a rehearing on the issue of damages. Accordingly, we reverse.
FRANK and NORTHCUTT, JJ., concur.