VILLANTI, Judge,
Dissenting.
I respectfully dissent from the majority opinion because, in my view, the trial court’s order granting the motion for involuntary dismissal was erroneous. Because of this, I would reverse that order or, in the alternative, affirm the order granting Al-Nayem a new trial on damages. In addition, because the majority opinion passes on a question of statewide importance, I would certify a question of great public importance to the Florida Supreme Court.
This case was bifurcated for trial. At the bench trial on liability, the trial court found that Mr. Allard had breached the warranty deed he provided to Al-Nayem. Specifically, the court found that Mr. Al-lard breached the covenant of seisin when he purported to transfer property to Al-Nayem that Mr. Allard did not, in fact, own in its entirety.
At the subsequent bench trial on damages, Al-Nayem presented admissible evidence of its damages, relying on the supreme court’s decision in Burton v. Price, 105 Fla. 544, 141 So. 728, 729 (1932), which held that the measure of damages for breach of the covenant of seisin is “such *203 fractional part of the whole consideration paid as the value at the time of the purchase of the part to which the title failed bears to the whole block purchased.... ” This determination of the measure of damages was reaffirmed in Williams v. Azar, 47 So.2d 624, 626 (Fla.1950), and Hillsboro Cove, Inc. v. Archibald, 322 So.2d 585, 586 (Fla. 4th DCA 1975) (limiting .buyer to damages for breach of covenant of seisin based on “the proportionate cost of the 30-foot strip as of the date of conveyance” rather than the costs actually expended at a later date by the buyer to obtain the strip of land from a third party). Under Burton, Williams, and Hillsboro Cove, Al-Nayem was entitled to recover as damages the value of the land that it thought it purchased but which was actually not conveyed. Al-Nayem presented evidence of its damages based on the proportionate cost of the unconveyed land as of the date of conveyance. This was one estimate of value that is seemingly supported by the plain language of Burton, Williams, and Hillsboro Cove.
After Al-Nayem rested its case, Mr. Allard moved for an involuntary dismissal, arguing that Burton required Al-Nayem to present evidence of the value of the land without any improvements before it calculated the proportionate value of the unconveyed land. He contended that the evidence of the proportionate cost of the unconveyed land was legally insufficient. Mr. Allard also argued that, even if the Burton decision did allow for evidence of proportionate cost, it did so only in cases involving raw land, not improved land. This argument led to Mr. Allard’s foray into out-of-state case law concerning the prop.er measure of damages under this circumstance.
Unfortunately, the trial court accepted the latter of Mr. Allard’s arguments. In an effort to distinguish Burton, the trial court engaged in unfounded fact-finding about the facts of the Burton case, stating:
Although the factual context of Burton is not fully fleshed out in the opinion, there are a couple of reasons to believe that the case concerned raw land, as opposed to improved property. First of course is the historical context of Pasco County in the early 1930’s. Sfecondly is the court’s reference to the property to which the formula was to apply as “lands”. Despite the Plaintiffs suggestion that the case is controlling in all instances when there is a partial failure of seisin, this court finds nothing in the language of the opinion that compels that conclusion when the unaffected portions of the entire property sold contain substantial improvements.
Based on this logic, the trial court concluded that Burton was not controlling and that it was free to follow the out-of-state law on damages brought forth by Mr. Al-lard. In doing so, the trial court determined that Al-Nayem’s evidence of damages based on the proportionate cost of the unconveyed land was legally insufficient, and it granted the involuntary dismissal on this basis. The flaw in this logic is twofold.
First, as noted above, the trial court’s attempt to distinguish Burton was based on unsupported speculation about the facts underlying that decision. The Burton decision itself contains no facts concerning whether the land at issue was improved or unimproved. More importantly, the holding in Burton makes no such distinction. Even if it did not like it, the trial court had no discretion to write into Burton qualifications that do not exist in the language of the opinion itself.
Second, contrary to Mr. Allard’s argument and the .trial court’s conclusion, Al-Nayem did, in fact, introduce legally sufficient evidence of its damages. Even if, as *204 Mr. Allard contends, Burton requires that damages be calculated based on the value of the unconveyed land rather than its cost, Al-Nayem’s evidence of the proportionate cost of the unconveyed land was, in fact, some evidence of the value of that land. Mr. Allard was free to put on opposing evidence supporting a different value. He was free to argue that Al-Nayem’s evidence of value should not be deemed worthy of belief. But he could not argue that Al-Nayem had wholly failed to introduce evidence of its damages or that Al-Nayem’s evidence was not legally sufficient. This is particularly true given that Hillsboro Cove specifically refers to calculating damages based on “the proportionate cost of the [unconveyed land] as of the date of conveyance.” 322 So.2d at 586. Thus, in my view, this court should reverse the trial court’s order granting the motion for involuntary dismissal and remand for further proceedings.
To the trial court’s credit, it ultimately recognized its error when it granted Al-Nayem’s motion for rehearing and ordered a new trial on damages, stating that it was doing so “to arrive at a just result and not produce injustice as a result of procedural disadvantage.”. Unquestionably, the un-conveyed land included in the sale from Mr. Allard to Al-Nayem had some value. To paraphrase Will Rogers, “it’s land— they’re not making it anymore.” Once the trial court found that Mr. Allard breached the warranty of seisin, Al-Nayem was entitled to some measure of damages for the loss of that land. The trial court’s earlier ruling granting the motion for involuntary dismissal denied Al-Nayem an award of damages to which it was entitled, and the trial court rectified that error by granting Al-Nayem a new trial on damages. It was within the trial court’s discretion to render such a ruling, see Fla. R. Civ. P. 1.580(d) (permitting the court, on its own initiative, to order a new trial for any reason for which it could have granted a new trial on the motion of a party if it does so within the time for ruling on a timely motion for rehearing or new trial made by a party), and I see no abuse of discretion in this ruling.
Contrary to the majority’s opinion, I see nothing in the record to support the conclusion that Al-Nayem “consciously elected to proceed upon” an invalid theory of damages. Aside from the fact that Al-Nayem’s theory of damages was not invalid, nothing in the record before this court shows that Al-Nayem was on notice of Mr. Allard’s disagreement with Burton or its measure of damages at any time before Mr. Allard made his motion for involuntary dismissal after Al-Nayem had rested its damages case. And, significantly, the court did not rule at the end of the bench trial. Instead, it took the matter under advisement and then issued a written ruling approximately a week later. Thus, the first notice Al-Nayem had of the trial court’s disagreement with Burton was after the bench trial had concluded. At that point, Al-Nayem immediately sought a new trial by way of a motion for rehearing so that it could meet the trial court’s newly adopted evidentiary standard. Under these circumstances, the trial court was absolutely within its discretion to grant a new trial on damages to allow Al-Nayem to meet this new standard.
I recognize that, as a general proposition, “a party’s failure to prove damages is not a proper ground for rehearing.” St. Petersburg Hous. Auth. v. J.R. Dev., 706 So.2d 1377, 1378 (Fla. 2d DCA 1998). This is based on the presumption that “litigants who have concluded a trial on the merits have presented all available, competent, material evidence in support of their case.” Id. However, this general rule does' not contemplate the situation in which the court decides posttrial to adopt an out-of-state measure of damages rather than to apply long-standing Florida law. In that *205 instance, to refuse to allow Al-Nayem to attempt to meet the evidentiary requirements newly adopted by the trial court would result in a miscarriage of justice.[6] Therefore, I would also affirm the trial court’s order granting a new trial on the issue of damages.
Finally, I specifically dissent from the majority’s refusal in its opinion on rehearing to certify a question of great public importance to the Florida Supreme Court. The proper measure of damages arising from a breach of the covenant of seisin is an issue with statewide implications, and the majority is interpreting, and perhaps rewriting, supreme court precedent that has been unchanged for over seventy-five years. In my view, fairness dictates on these facts that we accommodate Al-Nay-em’s ability to seek review in the supreme court. Accordingly, I would certify the following question as one of great public importance:
DOES THE MEASURE OF DAMAGES SET FORTH IN BURTON V. PRICE, 105 Fla. 544, 141 So. 728 (Fla.1932), APPLY ONLY TO UNDEVELOPED PROPERTY, OR IS A PROPER MEASURE OF DAMAGES FOR BREACH OF THE COVENANT OF SEISIN CONCERNING DEVELOPED PROPERTY THE FRACTIONAL PART OF THE WHOLE CONSIDERATION PAID AS THE COST AT THE TIME OF THE PURCHASE OF THE PART OF THE PROPERTY TO WHICH TITLE FAILED BEARS TO THE WHOLE TRACT PURCHASED?

. " 'In civil jurisprudence it too often happens that there is so much law, that there is no room for justice, and that the claimant expires of wrong in the midst of right, as mariners die of thirst in the midst of water.’ ” Hous. Auth. of City of Tampa v. Burton, 874 So.2d 6, 13 (Fla. 2d DCA 2004) (Villanti, J., dissenting) (quoting Caleb Charles Colton, available at http://www.theotherpages.org/ unsort05.html (last visited Oct. 12, 2010)).