# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2199
Lower Tribunal No. 18-12460-FC-04
_____


**David Coggins,**
Appellant,

vs.

**Jessica Coggins,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

David Coggins, in proper person.

Abramowitz & Associates, and Jordan B. Abramowitz, for appellee.


Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Bowen v. Bowen</u>, 471 So. 2d 1274, 1278–79 (Fla. 1985) ("This initial judicial determination creates, in subsequent proceedings, a presumption that there is an ability to pay. In a civil contempt proceeding for failure to pay child support or alimony, the movant must show that a prior court order directed the party to pay the support or alimony, and that the party in default has failed to make the ordered payments. The burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations."); <u>see also</u> <u>St. Petersburg Hous. Auth. v. J.R. Dev.</u>, 706 So. 2d 1377, 1378 (Fla. 2d DCA 1998) ("Rehearing is not intended as a device to present additional evidence that was available, although not presented, at the original trial [or hearing].").